RUSSELL & SEISFELD V. JOHN KIRKBRIDE ET AL.

(Case No. 1769.)

1. EXECUTORY CONTRACT — PURCHASER — LAND.— When a promissory note is given to secure the payment of the purchase money for land under an executory contract, as between the parties and the assignee a lien on the land is acquired, and passes by the assignment of the note, but no further right to or interest in the land passes by the assignment.

2. SAME — VENDOR AND VENDEE.— In such a case the title passes to the vendee only on the payment of the purchase money, and the transfer of the purchase money notes to a third person does not affect his interest, right or title to the land. The assignee of the note acquires by virtue of the assignment no title or possessory right to the land for which it was given.

3. SAME.— The lien, and the right to enforce it, passes in such case by the assignment of the note to the legal holder, nor does he acquire by virtue thereof any other right.

4. VENDOR AND VENDEE.— A vendor of land under an executory contract for its sale remains the owner of the legal title until the purchase money is paid. Citing Baker v. Compton, 52 Tex., 261, and other cases mentioned in the opinion.

5. SAME.— The vendor of land under an executory contract for its sale, though he remains the legal owner until the purchase money is paid, cannot rescind the contract of sale without the consent of the legal owner of purchase money notes, transferred by such vendor, and whose value consists in the lien on the land whereby their payment is secured.

6. VENDOR AND VENDEE.— When a deed is made conveying land, but describing an unpaid purchase money note, and reserving a lien, the legal title passes *ipso facto* by the payment thereof. If the purchaser claims under a bond for title only, the vendor holds the legal title in trust for the purchaser alone; if he has transferred to a third party the unpaid purchase money notes, the vendor holds the legal title for the benefit of the owner of the notes, as well as for the vendee, who may pay them. Such legal title may be divested and acquired by sale under a decree foreclosing the lien, which goes with the notes in a proceeding to which the necessary parties are made.

7. CASE DISCUSSED.— Cassaday v. Frankland, 55 Tex., 452, reviewed and explained.

8. LIS PENDENS.— *Lis pendens*, being but constructive notice, it follows that it cannot apply in a case where the specific property is not designated in the proceedings, or the right claimed afterwards is not asserted at the time when it is sought to make the constructive notice apply.

APPEAL from Hopkins. Tried below before the Hon. E. W. Terhune, Special Judge.

The opinion explains the case.

*Henderson & Stewart* and *J. A. Templeton*, for appellants, on the effect of *lis pendens*, cited: Tuttle v. Turner, 28 Tex., 759; Breckenridge v. San Antonio, 39 Tex., 66; Hutchins v. Chapman, 37 Tex., 612.

That all parties were charged with notice of the vendor's lien reserved in the deed, they cited: 50 Tex., 317; Fisk v. Flores, 43 Tex., 340; Peters v. Clements, 46 Tex., 115; Hobby's Texas Land Law, § 239.

*B. W. Foster*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— That Garrette sold to Kirkbride, by executory contract, the land for which the note sued on was given, is an admitted fact, as is it that Garrette transferred to the appellants this note, given to secure a part of the purchase money, before his note became due.

This being true, there is no doubt that, as between Kirkbride, Garrette and the appellants, a lien on the land for which the note was given passed to the appellants; but as between them, no further right to or interest in the land passed to any one by the transfer of the note.

The vendee, under such conveyances, can acquire title to the land only by the payment of the purchase money, and the fact that one or all the notes which he may have executed has been transferred to a third person by his vendor in no manner affects his interest, right or title in the land.

Nor does the assignee or indorsee of a note given for land, by the fact that he becomes the holder of a note secured by lien, acquire any title or possessory right to the land for which the note was given. In such case the lien which the vendor had to secure the note, and the right to enforce it, passes with the note to any one who becomes its legal holder. This, and no more, is all the right which passes to the holder of the note by its transfer to him. Baker v. Compton, 52 Tex., 262.

A vendor, under an executory contract to sell land, under the former decisions of this court, does not part with the legal title until the purchase money is paid. Dunlap, Adm'r, v. Wright, 11 Tex., 597; Baker v. Ramey, 27 Tex., 52; Peters v. Clements, 46 Tex., 119; Roosevelt v. Davis, 49 Tex., 463; Baker v. Compton, 52 Tex., 261.

Under the authority of the cases here cited the contract between Garrette and Kirkbride must be held to be of that character, and we would not feel authorized to change the rule so long established, even if we thought a better one might be established.

A vendor, however, may defeat his right to annul such a contract to the prejudice of another to whom he has transferred notes given to secure the purchase money; for they carry with them the lien

which the vendor had, and he could not be permitted, without wrong to such holder, to destroy the security which may constitute the sole or chief value of the note or notes transferred; and if, as between the vendor and vendee, such a contract be rescinded without the consent of the holder of notes which have been transferred, then it certainly would be true that the lien would still continue, as against the vendor, for the protection of the holder of such notes; and it would also continue against the land in the hands of a subsequent vendee, who should buy it with notice of the lien on the land existing while the land was in the hands of his vendor or of the first vendee.

The legal title, if land be paid for by a vendee, passes to him, *ipso facto*, through the deed which he already has, in cases in which such a deed as that executed by Garrette to Kirkbride exists; but if there be only a bond for title, or an agreement of similar effect, contemplating a further conveyance, then, on payment of the purchase money by the vendee, the vendor holds the legal title in trust for him solely; but if the vendor has parted with the purchase money notes, and they have not been paid, then he holds the legal title for the benefit of the holder of the purchase money notes as well as for the vendee should he subsequently pay the notes; and such legal title may be divested and vested in another, through a sale made under foreclosure of the lien, which goes with the notes in a proceeding to which the necessary parties are made.   Catlin *v.* Bennatt, 47 Tex., 170; Rogers *v.* Blum, 56 Tex., 6.

There may be expressions in the opinion in Cassady *v.* Frankland (55 Tex., 475) which seem to be at variance with the views here presented; but the facts in that case did not call for an expression of opinion as to where the legal title remains when a vendor in an executory contract to sell land takes notes executed to himself and afterwards transfers them to another; nor was it the intention of the eminent judge who wrote the opinion in that case to do more than to announce the conclusion as to the law arising on the facts of that particular case, which were exceptional in their character.

This action, however, is not solely between the holders of the note executed by Kirkbride and him; nor is it a case in which the holders of the note are seeking to enforce the lien on the land against Garrette as well as Kirkbride, after they, without the consent of the holders of the note, have rescinded the contract for the sale of the land for which the note was given.

It is a suit in which the holders of the note are seeking to foreclose a lien on the land for which the note was given against Kirkbride, its maker, and against Weaver, who claims to own the land

through a conveyance made by Garrette, after the trade between him and Kirkbride had been rescinded.

This being true, it becomes important to inquire whether Weaver and Jones & Son were affected with notice, at the time they bought, of the existence of the note on which this suit is based, and of the purpose and consideration for which it was given; for if they were so affected, then the legal title which they took from Garrette must stand, in the hands of Weaver, incumbered with the lien which was upon it while in the hands of Garrette.

This suit was brought on the 17th of January, 1884, against Kirkbride and Haney, and the appellants sought thereby to establish and foreclose a lien on an undivided one-half of the land and improvements thereon, which was described as the interest claimed by Haney in the land and improvements.

It appears that Haney did own an undivided half interest in the land and improvements thereon, but that he acquired the same from Garrette, who formerly owned the entire tract and improvements, and that in the interest thus held by Haney, Kirkbride had no right or claim whatever; that his purchase from Garrette covered the undivided half not owned by Haney.

The note sued on was executed to Garrette by Kirkbride to secure a part of the purchase money for the interest in the land bought by him from Garrette, and before its maturity Garrette transferred it to the plaintiffs.

Some time in the year 1882, Garrette and Kirkbride rescinded the trade which they had made, and the latter reconveyed the land to the former, who at the same time surrendered the other note given for the purchase money; Garrette supposing that the note sued on had been paid by Kirkbride. Neither the deed from Garrette to Kirkbride, which contained a description of the notes given by the latter, and also expressly reserved a lien on the land sold to secure their payment, nor the deed by which the land was reconveyed to Garrette, were ever recorded; nor does it appear that Jones & Son or Weaver ever saw either of these deeds, or knew of their contents, until after Weaver had purchased and paid for the land.

On November 9, 1882, Garrette sold and conveyed by deed to Jones & Son the same interest in the land covered by the transaction between Garrette and Kirkbride, on a credit for $1,750, for which Jones & Son executed their notes to Garrette.

These notes were sold to Weaver by Garrette prior to their maturity and prior to the institution of this suit, and seem to have been negotiable.

The pleadings were not amended so as to show clearly that it was

the interest in the property bought by Kirkbride from Garrette upon which a lien was intended to be established, until August 16, 1884, which was after the property had been bought by Weaver from Jones & Son.

It is urged that the pendency of this suit was notice to Weaver at the time of his purchase. This view we think cannot be sustained. *Lis pendens* is but constructive notice, and to make it available, we may say as was well said in Lewis *v.* Mew, 1 Strobhart's Equity, 183, " that the specific property must be so pointed out by the proceedings as to warn the whole world that they meddle with it at their peril. This is necessary to justice; for as liberty is very much, though necessarily, invaded by executing a decree over a party's head, without allowing him even a hearing, it is but fair to grant him the means of informing himself when he is in a likely way of getting into such danger." The following cases are to the same effect: Griffith *v.* Griffith, 1 Hoff. Ch., 160; Edmonds *v.* Crenshaw, 1 McCord's Ch., 264.

This action, when Weaver's purchase was made, only seeking to enforce a lien against the interest of Haney, could not operate as notice of any lien which the plaintiffs may have had on the interest conveyed by Garrette to Kirkbride, and by the latter reconveyed to the former, Haney never having had any interest therein. Wade on Notice, 351; Carr *v.* Callaghan, 3 Litt., 371.

The note which Kirkbride gave to Garrette, which was by the latter surrendered to the former when the trade between them was rescinded, had been before that time deposited with Weaver as additional collateral security for a debt which Garrette owed him.

Garrette got that note from Weaver at the time of the rescission in order to surrender it to Kirkbride, and he then informed Weaver that the trade was rescinded and why he wanted the note. This was some time in 1882. Weaver never saw the conveyance to Kirkbride by Garrette, nor the reconveyance from the former to the latter; nor does it appear that any fact was communicated to Weaver which would have tended to give him information as to the existence of the note sued on, or to put him on inquiry in regard thereto. He was informed by Garrette that the matter had been rescinded. It does not appear that Kirkbride remained in possession after the rescission, nor that any fact existed which ought to put a prudent man on inquiry as to the right of any one holding a note executed by Kirkbride to Garrette for the land which he subsequently bought; nor to put him upon inquiry even as to the existence of such a note.

Before buying, Weaver examined the county records and found

the title to his immediate vendors complete. Under such state of facts we are of the opinion that Weaver was not put in possession of such facts as would make it his duty to prosecute an inquiry whether there might be in some person an equity. The information which he received from Garrette was, in its nature, such as would rebut the idea of any equity in any other person after the settlement between Garrette and Kirkbride; and the former possession of Kirkbride was not such, it not being shown to exist after the rescission between him and Garrette, as to impose on Weaver the duty to make inquiry after Garrette had informed him that the rescission was made. Wilson v. Williams, 25 Tex., 66; Wethered v. Boon, 17 Tex., 143; Rogers v. Jones, 8 N. H., 264; Jackson v. Van Valkenburgh, 8 Cow., 260.

If the conveyance from Garrette to Kirkbride was a link in the chain of title through which Weaver claims, and through which he would be compelled to pass in deraigning title from Garrette, then he would be affected with notice of the facts which appeared in that deed; but, as we have already in effect stated, that paper does not constitute a link in Weaver's title; he has a complete legal title without reference to that instrument, which never did divest Garrette of his title.

There is no pretense that Jones & Son were in possession of any fact which would have put them on inquiry as to any equitable claim or right the plaintiffs or any other person may have had in or upon the land prior to the time they purchased, and the inference from the record is that the note or notes which they executed to Garrette were negotiable, and by him transferred before maturity. Under such state of facts, they would have been fully protected against the claim which the plaintiff now seeks to assert, and so would be Weaver, who bought from them. Rawles v. Perkey, 50 Tex., 311; Greneaux v. Wheeler, 6 Tex., 527; McKamey v. Thorp, 61 Tex., 653.

There is no error in the judgment, and it is affirmed.

Affirmed.

[Opinion delivered November 21, 1884.]