## PHILIP STITZLE AND WIFE v. BEN C. EVANS.

### No. 2752.

1.   **Vendor and Vendee.**—When a deed is made which reserves an express lien on the land to secure the payment of a purchase money note, a mere failure to pay the debt at maturity will not work a forfeiture of the rights of the grantee under his contract of purchase.   A short delay in tendering to pay the purchase money will not authorize a rescission of the sale by the vendor.

2.   **Distinguished.**—This case distinguished from Jones v. Goff, 63 Texas, 648.

3.   **Vendor and Vendee.**—Homestead rights asserted in the vendors can not avail to defeat their deed properly executed, though a lien was reserved therein to secure a deferred payment, if a tender of the money due was made in time.

4.   **Verdict.**—A judgment based on a verdict rendered in manifest disregard of the uncontradicted testimony of a witness will not be disturbed on appeal, if under other evidence before the jury they were authorized to discredit the witness.

APPEAL from Tarrant.   Tried below before Hon. R. J. Boyken, Special Judge.

The opinion states the case.

*Hyde Jennings*, for appellants. —1.   In an executory contract for the sale of land, where the vendor is in possession and the vendee has defaulted in the payment of the purchase money, the vendee in the absence of equities in his favor can not maintain an action for specific performance or of trespass to try title.   Dunlap v. Wright, 11 Texas, 604; Burgess v. Millican, 50 Texas, 401; Baker v. Compton, 52 Texas, 261; Webster v. Mann, 52 Texas, 425; Estes v. Browning, 11 Texas, 247; Scarborough v. Arrant, 25 Texas, 129; Secrest v. Jones, 21 Texas, 121.

2.   An action of specific performance or of trespass to try title can not be maintained against a married woman on an executory contract for the conveyance of her homestead or her separate property.   Jones v. Goff, 63 Texas, 248; Johnson v. Jones, 51 Miss., 864; Clarke v. Reins, 12 Gratt., 98; Weller v. Weyann, 2 Grant's Cases, 103.

3.   Where husband and wife execute a deed to the homestead, in which deed a vendor's lien is retained to secure the payment of a note given for the purchase money, and they remain in possession, their vendee or his assignee can not tender the purchase money and recover the land.   Jones v. Goff, 63 Texas, 248; Ransom v. Brown, 63 Texas, 188; Foster v. Powers, 64 Texas, 247.

4.   The court erred in overruling defendants' motion for a new trial, because the verdict of the jury was contrary to the charge of the court and the law and evidence, in that the uncontradicted testimony of said Philip Stitzle showed that there had been a rescission of the sale of said land between said Stitzle and said Houghton before Houghton sold to said Ennis.   Arnoux v. Homans, 25 How., 427.

*Irby Dunklin* and *Wallace Hendricks*, for appellee.— 1.   The deed from Stitzle and wife to Houghton conveyed the land in controversy to Houghton subject only to the vendor's lien reserved to secure the purchase money note.   Such an instrument completely divests title out of the vendor upon payment of the purchase money, and no further conveyance or confirmation deed was necessary or required to vest all the title in Houghton that appellants had.   Russell & Seisfeld v. Kirkbride, 62 Texas, 456.

2.   Plaintiff's action was not one for specific performance.   Such an action when brought is to "specifically enforce some equitable right claimed by the complainant, and to compel the defendant to specifically perform the actual equitable obligation which rests upon him."   In this case plaintiff by his petition claimed only the right which had accrued to him under an instrument containing all the formalities of a complete conveyance, and this was its legal effect whenever the purchase money by Houghton was paid; and while the reservation of the vendor's lien in the deed from appellants to Houghton rendered the sale of the land thus made an executory contract, it was only so as to the rights and remedies secured to appellants under the law, upon a failure by Houghton to complete the purchase by paying the remainder of the purchase money; and as there was nothing further required to be done by appellants, an action for specific performance was not necessary, nor did the remedy sought by appellee ask such relief.   Roosevelt v. Davis, 49 Texas, 472.

3.   The charge of the court wherein he instructed the jury that the deeds offered in evidence are sufficient upon payment of the purchase money mentioned to entitle plaintiff to recover the land in controversy, and the amount of that note having been deposited, you will find for plaintiff the land in controversy, was correct and announced a correct proposition of law as applicable to the facts of the case.   5 Wait's Act. and Def., p. 582; Haney v. Clark, 65 Texas, 93.

4.   Time was not of the essence of the contract of the sale of the land from Stitzle and wife to Houghton, and the mere fact that the note due by Houghton to appellants was not paid the day of its maturity did not annul the sale nor divest Houghton of his right to the land, which could only have been done by appellants, at a proper time and in a proper manner, declaring the sale forfeited and retaking possession of the land for that reason.   Scarborough v. Arrant, 25 Texas, 129; Tom v. Wollhoefer, 61 Texas, 277; Milligan v. Ewing, 64 Texas, 259.

GAINES, ASSOCIATE JUSTICE.—On the 17th day of April, 1886, appellants conveyed to one Houghton the tract of land in controversy, for which the latter paid fifty dollars in cash and executed his promissory note, payable on the 1st day of March, 1887, for the sum of three hundred and fifty dollars. The note was described in the deed and a lien was expressly reserved to secure its payment. The note was not paid at maturity. On the 27th day of March, 1887, Houghton and wife conveyed the land to appellee. Thereafter appellee tendered to appellant Philip Stitzle the amount of the principal and interest due upon the note. Under the agreement between appellants and Houghton at the time of the conveyance from the former to the latter they were to retain possession of the land for one year.

Appellee brought this suit to recover the land, and paid into court for the benefit of appellants the amount of the alleged tender, and offered to pay any additional sum the court might decree to be due upon Houghton's note.

The first assignment of error is that the court erred in overruling the demurrer to the petition. In support of the assignment the proposition is submitted that "in an executory contract for the sale of land, where the vendor is in possession and the vendee has defaulted in the payment of the purchase money, the vendee in the absence of equities in his favor can not maintain an action for specific performance or of trespass to try title."

In the case of Dunlap v. Wright, 11 Texas, 597, it was held that when a vendor conveyed land to his vendee and at the same time took a mortgage from the latter upon the premises conveyed in order to secure the payment of the purchase money, the paramount right to the land remained in him until the money was paid. The principle upon which the decision is placed is that the deed and mortgage being contemporaneous are to be taken as parts of the same transaction and as but one contract. The mortgage reconveying to the grantor the title conveyed by the deed, the contract is construed as leaving the legal title in the grantor until the debt is discharged. A mortgage being deemed in this court a mere security for a debt, the correctness of the doctrine has been questioned (Burgess v. Millican, 50 Texas, 397); but it has been long recognized as settled law in this State. As a deduction from this, it was held in both the cases just cited that although the debts were barred by limitation the vendee could not recover the land. With less reason to support it, the same doctrine has been applied to the case of a conveyance of land in which a lien is expressly reserved to secure the payment of the purchase money. The principle upon which this ruling is based is not at all clear, but the doctrine has been settled by numerous decisions of this court. Such a sale of land is frequently said to be executory, and we think the use of this expression has given rise to some confusion

of ideas upon the law of this subject. If executory, we think that such a conveyance can only be so considered in the sense that the grantee's title does not become indefeasible until the purchase money is paid. This mode of conveyance has been in general use in Texas since the days of the Republic, and we presume it has always been considered that upon the payment of the purchase money the grantee became invested with a perfect legal and equitable title so far as it was in the power of the grantor to convey it. Russell v. Kirkbride, 62 Texas, 457. Under a bond for title or a mere agreement to convey upon payment of the purchase money the payment perfects the equitable title, but a conveyance from the vendor is required to pass the legal estate. It follows that an agreement to convey upon payment of the price, and a deed which expressly retains a lien for the purchase money, are two very different contracts. In the former there remains something for both parties to do to invest the vendee with the legal title; in the latter the grantee has only to pay the purchase money. Russell v. Kirkbride, 62 Texas, 457. In an executory contract of the former class time may be of the essence of the contract, and upon the vendee's failure to pay to the day his right may be forfeited (Edwards v. Atkinson, 14 Texas, 373; Bingham v. Carr, 21 Texas, 142); but we do not understand that when a deed is made and a lien for the purchase money is expressly reserved that a mere failure to pay the debt at maturity forfeits the rights of the grantee. There is nothing in the naked reservation of a lien in the deed to indicate that time is an essential element of the contract. We therefore conclude that the short period which elapsed between the time when the purchase money note fell due and that when appellee tendered the money was not such a delay as authorized appellant to rescind the sale.

The charges of the court complained of in appellant's second and fourth assignments of error are in accordance with the principles announced, and were not erroneous.

The appellants requested the court to charge the jury to the effect that if they believed that the land in controversy was the homestead of appellants at the time of the conveyance to Houghton, they should find for defendants. The court refused to give the instruction, and in this there was no error. This is not like the case of Jones v. Goff, 63 Texas, 248, in which it was held that an agreement by the husband and wife to convey their homestead, though properly acknowledged, could not be enforced in a suit for specific performance. Upon payment or tender of the purchase money in this case the title of the appellee became perfect. Russell v. Kirkbride, *supra.*

Nothing remained for the grantors to do to complete it. The contract was not executory on their part.

The tender of the purchase money of the land was made in current funds, but not in gold or legal tender notes. It was not objected on that

ground. It was refused because appellant declined to carry out the contract. Under the circumstances the tender was sufficient. Haney v. Clark, 65 Texas, 93.

Appellant Philip Stitzle testified that before the conveyance of the land by Houghton to appellee, and after the maturity of the note, he and Houghton mutually agreed to rescind the sale, and the court charged the jury that if they found such to be the fact they should find for defendants. A motion for a new trial was made upon the ground that the verdict of the jury was contrary to the evidence in this particular. It is true that no witness directly contradicted the testimony of Stitzle as to this matter. But he was a party to the suit, and there were circumstances testified to by other witnesses which, if true, authorized the jury to discredit him. The jury were the judges of the credibility of the witnesses, and the verdict is not without evidence to support it.

There being no error in the judgment it is affirmed.

*Affirmed.*

Delivered October 25, 1889.