## A. A. GREEN, JR., v. L. B. EDWARDS.

Delivered February 27, 1897.

**Covenants in Deeds—Mutual Cancellation—Superior Title in Vendor.**

In conveyances of land from B. to E., and back again from E. to B., the covenants of warranty are mutually canceled, and where a vendor's lien is retained in the second conveyance to secure a part of the purchase money, the result is not affected by the doctrine that the superior title remains with the vendor in such case.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Stuart & Bell,* for appellant. As Bailey conveyed by his deed to Edwards the fee simple title, and as Edwards in his deed to Bailey retained the superior title in himself, the warranties in said deeds did not cancel and annul each other. Nass v. Chadwick, 70 Texas, 158, Hamblen v. Folts & Wash, 70 Texas, 136; Ransom v. Brown, 63 Texas, 188; Tom v. Wollhoeffer, 61 Texas, 279; Secrest v. Jones, 21 Texas, 121; White v. Cole, 87 Texas, 501; Coke on Littleton, sec. 743.

*Davis & Garnett,* for appellee.—Authorities cited in support of the proposition that the covenants were mutually canceled: Rawle on Covenants, 349, 359; 2 Devlin on Deeds, sec. 883; Silverman v. Loomis, 104 Ill., 142; Goodel v. Bennett, 22 Wis., 539; Kellogg v. Wood, 4 Paige Ch., 614; Brown v. Metz, 85 Am. Dec., 277.

Following is the statement of facts referred to in the opinion:

"1. Plaintiff, A. A. Green, Jr., offered in evidence the following general warranty deeds, all conveying the real estate described in plaintiff's first amended original petition, and all filed for record in the office of the County Clerk of Cooke County:

"(a.) L. B. Edwards to J. W. Bailey, dated April 10, 1890, filed for record April 10, 1890; consideration $2000 cash and note for $1000, dated April 10, 1890, due January 1, 1891, and bearing interest from date at 10 per cent per annum; vendor's lien expressly retained to secure payment of said note.

"(b.) J. W. Bailey to J. A. Thomas, dated May 3, 1890, filed for record May 3, 1890; consideration, $1125 cash, note for $375, due four months from date, and assumption of said note for $1000 in deed from Edwards to Bailey; vendor's lien expressly retained to secure payment of said notes.

"(c.) J. A. Thomas to A. A. Green, Jr., dated August 6, 1890, filed for record November 15, 1890; consideration, $1125 cash, and the assumption of said $375 note described in deed from Bailey to Thomas and said $1000 note described in deed from Bailey to Thomas, and in deed from Edwards to Bailey; vendor's lien expressly retained to secure payment of said notes.

"2. Defendant, L. B. Edwards, here admitted in open court that there was a valid, subsisting mortgage on said real estate when said

three deeds above mentioned were executed and when the deed from J. W. Bailey to L. B. Edwards, hereafter mentioned, was executed; said mortgage having been placed on said real estate by a former owner thereof; that said mortgage was foreclosed on May 16, 1892, and therefore the title to said real estate conveyed in said above described deeds was worthless.

"3.   Defendant, L. B. Edwards, here offered in evidence general warranty deed conveying said real estate from J. W. Bailey to L. B. Edwards, dated April 17, 1889, and filed for record in office of County Clerk of Cooke County, Texas, on August 11, 1889; consideration $3300 cash.

"4.   Defendant, L. B. Edwards, here testified in his own behalf: 'On April 17, 1889, as a matter of accommodation, without consideration, I executed to J. W. Bailey my note for $3300, and to secure me against loss, said Bailey executed said deed from him to me, conveying said real estate, which, although in the form of a deed, was a mortgage.  On April 10, 1890, Bailey had paid all said note except a balance of $1000, and on said date I reconveyed to him said real estate by deed first offered in evidence herein, and had him to execute to me a note for $1000, due on January 1, 1891, to secure which the vendor's lien was retained on said real estate. I had this note executed and retained said vendor's lien in said note on account of my having paid the balance of $1000 due on said note. I never owned said real estate, and said deed from Bailey to me was intended to operate as a mortgage, and said deed from me to said Bailey reconveying said real estate as a release of said mortgage when said $1000 note was paid.  Said $1000 note was paid to me at or within a few days of its maturity by the plaintiff, A. A. Green, Jr.  When I executed said accommodation note, Bailey wanted to borrow $3000 from me, but it did not suit me to let him have the money.  I then, at his request, executed to him said accommodation note, and he executed said deed to save me harmless from liability.  At the maturity of said accommodation note, Bailey had paid all due thereon except $1000, which sum I paid and held the note against him until I, at his request, executed the deed back to said Bailey.'

"Plaintiff, A. A. Green, Jr., here testified in his own behalf in rebuttal: 'When I bought from J. A. Thomas the real estate described in the deeds introduced in evidence herein, I did not know anything about said deed from Edwards to Bailey being intended to operate as a mortgage, and about said deed from Edwards to Bailey being intended to operate as a release of said mortgage, but I supposed and believed that they were what they purported to be on their face, viz., general warranty deeds, and I had no notice of any kind, until the summer of 1893, that they were not, in truth and in fact, general warranty deeds. I paid off, at or within a few days of its maturity, said note for the principal sum of $1000, executed by J. W. Bailey to L. B. Edwards, and assumed by Thomas when he bought said real estate from Bailey, and assumed by me when I bought said real estate from Thomas.  I

paid said note in full, principal and interest, to defendant, L. B. Edwards. When I purchased said real estate from said Thomas, I paid him all the consideration shown in said deed from Thomas to me, to-wit, the sum of $1125 cash in hand, and I afterwards paid off at or about its maturity, said note for the principal sum of $375, dated May 3, 1890, due four months from date thereof; and, as above stated, I paid to defendant Edwards said $1000 note and interest, at or within a few days of its maturity. When I bought said real estate, I did not know of the existence of the Walker mortgage upon the same. I did not know, when I bought said real estate, or when I paid said $1000 note, anything about said deed from Bailey to defendant being a mortgage, or about said deed from defendant being the release of a mortgage. I did not know anything of this until the summer of 1893, when I was told of the same by defendant.' "

STEPHENS, ASSOCIATE JUSTICE.—From a judgment denying appellant a recovery upon a warranty contained in a conveyance of real estate from L. B. Edwards to J. W. Bailey, this appeal is prosecuted. The material facts, about which there is no controversy, are succinctly stated in appellant's brief (pp. 4-8), and no further conclusions of facts are necessary.

When Bailey originally acquired title to the property it was encumbered with a mortgage duly of record, but of this mortgage he and the subsequent owners were ignorant. Bailey conveyed, with the usual covenants of warranty, to appellee Edwards, who afterwards reconveyed to Bailey with like covenants, expressly reserving the vendor's lien to secure $1000 of the purchase money. Bailey then conveyed to J. A. Thomas, and Thomas conveyed to appellant Green, who assumed and paid at maturity to appellee Edwards the purchase money note of $1000. Thereafter the title failed by virtue of a foreclosure of the previous mortgage.

The answer of appellee to appellant's several assignments of error is to the effect that the covenants of warranty in the deeds from Bailey to Edwards and Edwards to Bailey were mutually canceled by the reconveyance from the latter to the former, and this proposition seems to be well sustained by authority. Silverman v. Loomis, 104 Ill., 142, citing Brown v. Metz, 33 Ill., 339; 2 Coke on Littleton, sec. 743, and Kellogg v. Wood, 4 Paige, 578.

Appellant seems to concede the correctness of the general proposition that the warranties are mutually extinguished when the estate taken back is as large as that first conveyed, but denies its application here, because of the doctrine prevailing in this State that the superior title remains with the vendor where a lien is expressly retained to secure the unpaid purchase money, contending, therefore, that the estate conveyed by Edwards to Bailey was inferior to that previously conveyed by Bailey to Edwards. This, it seems to us, would be a novel application of an equitable doctrine which exists for the benefit of

a vendor of land, in order that he may not be deprived of his land until it is paid for. Such application would amount to this: Since Green, as the assignee of Bailey, acquired, of course, only such rights as Bailey had, because Bailey failed to pay the balance of purchase money due Edwards, Bailey was not liable on his warranty to Edwards, but Edwards was liable on his warranty to Bailey; for otherwise the one covenant would extinguish the other. This doctrine invoked is clearly irrelevant.

In Willis & Bro. v. Sommerville, 3 Texas Civ. App., 509, where the right to subject to execution the title of the vendor expressly retaining the lien was denied, this language was used by Chief Justice Tarlton: "We deduce from the authorities, that the title of a vendor conveying by deed expressly retaining a lien to secure the unpaid purchase money is logically the same as that of a vendor who executes a deed without reservation in its terms, and who at the same time takes from the grantee a mortgage for the unpaid purchase money. In both cases the legal or superior title remains with the vendor until the debt is discharged; but in neither case is the transaction purely executory. Stitzle v. Evans, 74 Texas, 596; 3 Pom. Eq. Jur., sec. 1255."

In the case of Silverman v. Loomis, supra, if Green be substituted for Silverman, Bailey for Runyon, and Edwards for Loomis, we have a parallel case to the one at bar, covering even this contention of appellant, for in that case there was a mortgage back to secure the unpaid purchase money, though no notice was taken of that feature in the opinion, the court evidently regarding it as unimportant.

The judgment is affirmed.                              *Affirmed.*

Writ of error refused.