### DALLAS HOTEL CO. v. NEWBERG.
(No. 8717.)

(Court of Civil Appeals of Texas. Dallas. Dec. 9, 1922. Rehearing Denied Jan. 13, 1923.)

**1. Appeal and error ⟷882(14)—Doctrine of invited error applicable only to error in favor of appellee.**

The doctrine of invited error involves only error in favor of appellee, so that in a case where the determination of the issue of fact turned upon appellee's testimony, and hence upon appellee's credibility, and verdict was instructed for appellee, appellee's objection to the appellate court's considering the propriety of instructing the verdict on the ground that any error in failing to submit the question of appellee's credibility to the jury was one invited by appellant's request for instructed verdict in its favor, and that appellant was therefore estopped from claiming that appellee's credibility should have been submitted to the jury, was untenable.

---

**2. Trial ☞140(2)—Direction of verdict upon plaintiff's uncontradicted testimony, free from suspicion or improbability, held not error.**

Where the only evidence on the contested issue of fact in a case was the testimony of plaintiff, and this was free from suspicion, inconsistency, or improbability, *held* it was proper to direct verdict for him notwithstanding his interest and the fact that he testified by deposition.

**3. Trial ☞142—Directed verdict for plaintiff for loss of wearing apparel by theft held improper.**

In·hotel guest's action for loss for wearing apparel by theft from his room, a directed verdict for plaintiff, based on his testimony by deposition as to the loss and value of the clothing, *held* error, in so far as fixing the amount of recovery, where plaintiff's testimony detailed the facts as to dates of purchase, prices paid, and subsequent use of the clothing, and on such facts based his opinion as to the actual value of the clothing when taken, which valuation was the amount fixed by the directed verdict, since, from the facts detailed, the jury could itself determine the correctness of plaintiff's opinion as to such value.

Appeal from Dallas County Court at Law; T. A. Work, Judge.

Action by D. T. Newberg against the Dallas Hotel Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Murphy W. Townsend, Louis H. Porter, and Martin B. Winfrey, all of Dallas, for appellant.

Rasbury, Adams, Stennis & Harrell, of Dallas, for appellee.

VAUGHAN, J. [1] Appellee objects to the consideration of appellant's assignments of error on the grounds that—

"(1) If it was error for the trial court not to submit to the jury the question of appellee's credibility, such ·error was invited by appellant presenting and urging the granting of a peremptory instruction, which, if granted ·by the trial court, would have withdrawn the case from the jury and instructed the jury to return a verdict in favor of appellant, and appellee insists that by reason thereof appellant is estopped from now claiming that the question of appellee's credibility should have been submitted to the jury. (2) Appellant failed to request the trial court to submit any issue to the jury."

Appellant requested the following charge, which was refused: "You are instructed to render a verdict herein for the defendant." No other request was made by appellant.

The court instructed the jury to return a verdict in favor of appellee for $158. The error invited was one in favor of appellant, and by no means in favor of appellee, and it is only where a party to a suit has invited error by instructions requested against his interest that the doctrine announced in the case of Nagle v. Simmank, 116 S. W. 862, applies. It would certainly be, in our judgment, contrary to a reasonable application of the rule invoked to extend same so as to embrace instructions inviting error only in the interest of the party requesting same, and not presenting for the determination of the jury an issue in the case supported by evidence which would justify the jury to find in favor of either party to the suit. Therefore said objections are overruled.

This appeal presents but one question, to wit, appellant contends that it matters not how positive and uncontradicted the testimony of an interested party may be, the question of his credibility must be submitted to the jury.

As shown by the transcript of proceedings had in the justice court, precinct No. 1, Dallas county, appellee filed his suit in said court to recover the value of certain wearing apparel, alleging that between May 15 and May 19, 1920, he was a guest at the Adol-·phus Hotel, owned and operated by appellant, and that during said period of time the following property, of which he was the owner: One suit of clothing and seven shirts of the reasonable cash value of $158—was stolen and unlawfully taken from the room occupied by him at said hotel, and on the 7th day of October, 1920, recovered judgment therein for $158, from which appellant prosecuted an appeal to the county court of Dallas county at law. On the trial in the county court, judgment was again rendered in favor of appellee, from which this appeal is prosecuted.

The trial court peremptorily·instructed the jury to find for appellee in the sum of $158, being the full cash value of said property as alleged by appellee.

The only evidence before the jury was that of appellee, as follows:

"I was a guest at the Adolphus Hotel from about the 15th day of May to about the 20th day of May, 1920. I frequently stopped at the Adolphus prior to this occasion, and on or about the 15th of May, 1920, I registered at the Adolphus Hotel in Dallas, Tex., and called for a room, and was assigned to room 539 by the clerk of the hotel then on duty. I was given the key to this room. I had baggage on that occasion and my baggage was carried to my said room by the employés of the Adolphus Hotel on said occasion. I occupied this room for several days. While I was occupying said room some of my baggage was stolen therefrom on said occasion. I did not discover that my clothing had been stolen until May 20, 1920. The clothing which constituted part of my baggage, and which was stolen from my trunk in said room, consists of the following items, to wit: One dark blue suit, invisible stripe, coat, trousers and vest; two madras

shirts, pin stripe pattern; two madras shirts, heavy stripe pattern; two madras shirts, one wide stripe and one narrow stripe; one silk shirt, pink, black stripe. I know the reasonable value of said property in Dallas when same was stolen. Said value was as follows: The suit, $110; two pin stripe pattern shirts, $13; two heavy stripe pattern shirts, $13; one wide stripe shirt, $5; and one narrow stripe shirt, $5; and one pink silk shirt, black stripe, $12. I have never been paid or in any way compensated for said property or any part thereof."

Appellee further testified to the following facts concerning the value of said property: That the value given by him was the actual cash value of said clothing; that in some instances the prices given were less than the market value of new goods of the same grade and character; that some of the items were valued at what they actually cost him, and some valued at less than what they cost him; that he had purchased the suit from Gray & Graham, of Dallas, about 8 or 10 months ago (meaning 8 or 10 months prior to the 9th day of September, 1920, the date on which appellee testified by deposition which was used in the trial of this cause), for which he paid $110; that he had never worn the suit continuously; had only worn it on special occasions; however, had worn it repeatedly during the past spring and winter; that he had purchased the four madras shirts in Dallas a short time before they were stolen and paid $6.50 or $7 each for them; that the silk shirt was purchased in San Antonio, for which he paid $12; that he did not recall what he paid for the other two madras shirts; four of the shirts had been worn several times, some had been laundered twice, and possibly one or two had been laundered only once; that the silk shirt had been worn several times, and had been laundered only one or two times; that the remaining two shirts had been worn more than the others, and had been laundered several times, and were depreciated by reason of their use, and were valued at less than cost on that account; that the value of this clothing was not based on what secondhand goods would sell for, but what, in his opinion, was the real cash value of said clothing at the time and place same were taken from the room.

We do not deem it necessary to refer further to the facts testified to by said witness, as the evidence here stated is sufficient for the purpose of disposing of this appeal.

Under peremptory instructions the jury rendered a verdict for appellee in the sum of $158, on which judgment for a like amount was rendered in his favor.

[2] Appellee, as plaintiff in the court below, was vitally interested in the result of the litigation instituted by him. His testimony by deposition was all the evidence before the court and jury upon which the issues presented by the pleadings of the parties were to be determined. Without the manifestation of any degree of uncertainty or doubt, the witness detailed the facts and circumstances necessary to support the cause of action as alleged by him, which is not only uncontradicted by the testimony of any other witness, but is within itself, without the slightest conflict.

Under the state of the evidence, same being free from suspicious circumstances casting discredit, the jury could not have been justified in disbelieving the testimony of appellee. In other words, the jury would not have been at liberty, and it is not to be assumed that they would have captiously rejected the testimony of appellee merely because of his relationship to the suit, unless the evidence before them for consideration should have revealed some improbability or discredited fact or circumstance as to the matters testified to by him, or that his evidence in the main was so unreasonable as to justify reasonable minds to hesitate to receive same. The testimony of appellee not containing any of the above vices, the mere fact of his being a party to the suit and that this testimony was not corroborated, being all the evidence before the court and jury, was not sufficient to require the court to submit the case to the jury for consideration in order to pass upon appellee's credibility. Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039; Joffre v. Mynatt (Tex. Civ. App.) 206 S. W. 951; Felts v. Bell County, 103 Tex. 616, 132 S. W. 123; Grand Fraternity v. Melton, 102 Tex. 399, 117 S. W. 788; King v. Worthem (Tex. Civ. App.) 37 S. W. 1133; Long v. Shelton (Tex. Civ. App.) 155 S. W. 945; Stitzle v. Evans, 74 Tex. 596, 12 S. W. 326; Commonwealth Bonding & Casualty Ins. Co. v. Harper (Tex. Civ. App.) 180 S. W. 1156; Malone v. Nat. Bank of Commerce (Tex Civ. App.) 162 S. W. 369; Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

Under the peremptory instruction of the court the jury was directed to find (1) in favor of appellee, holding appellant liable on appellee's cause of action; (2) that the extent of appellant's liability was the amount sued for, to wit, $158. To the extent that the court directed the jury to render a verdict in favor of appellee finding appellant liable on the cause of action as alleged, said instruction was not an invasion of the right of trial by jury, and would not constitute error if the amount of recovery on account of the alleged value of the lost articles of wearing apparel had been submitted to the jury.

[3] However, in so far as directing and fixing the amount of such liability, it was error, as the evidence bearing upon this phase of the case was such that reasonable minds might differ, and thus reach a conclusion at variance with the one directed by the court. Appellee detailed the facts as to the date of purchase, price paid for and the service and

use he had put the lost articles of wearing apparel to, and upon such facts based his opinion as to what was their actual value at the time and place when taken from the room occupied by him. The evidence on this issue, within its own terms, furnished room for doubt and uncertainty as to the amount appellee was entitled to recover. This required the submission of same to the determination of the jury, that body not being required to accept as correct the opinion of appellee as to the actual value of said articles of wearing apparel, based upon the facts as testified to by appellee, but had the right to weigh his opinion in connection with the facts of purchase, etc., testified to by him.

The peremptory instruction as to this phase of the case withdrew from the jury the important duty and right to pass upon the weight to be given the testimony on this particular issue, which was not a fanciful but a material and vital error, necessitating the reversal of the judgment.

We do not attach any importance to the fact that appellee testified by deposition, as his connection with the case as a party to the suit was not changed thereby, the law recognizing a well-defined difference between an "interested witness" and a "party to a suit," and the question presented by this appeal is one of relationship to the suit as a party, and not that of a mere interested witness. Therefore, in the condition of the record, the question of appellee's credibility is not presented to this court so as to justify the application of the rule announced in the case of Thorn's Heirs v. Frazer's Heirs, 60 Tex. 259, to wit:

"The finding of a jury upon facts when the evidence is conflicting is conclusive only when the witnesses testifying do so in person before the jury. Then their manner of testifying is proper for scrutiny, and in observing this the jury possess an advantage which judges cannot have who hear the case on appeal. But, when the evidence is contained in a written deposition, the reason of the rule which makes the decision of a jury and its finding on facts conclusive ceases."

By reason of the error pointed out, the judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.