R. J. SISK ET AL. V. ADRANNA RANDON ET AL.

No. 5892.   Decided May 2, 1934.
(70 S. W., 2d Series, 689.)

*Styles Erickson,* of Bay City, *Carlos Masterson,* of Angleton, and *Oliver J. Todd,* of Beaumont, for plaintiffs in error.

On the question of whether the pretended deed was a mortgage, plaintiffs in error cite: Tiemann v. Cobb, 80 S. W., 250; McSween v. Yett, 60 Texas, 183; Brewster v. Davis, 56 Texas, 478; Loving v. Milliken, 59 Texas, 423; Scarborough v. Alcorn, 74 Texas, 358.

*Follett, Evans & Hill* and *Rucks & Enlow,* all of Angleton, *Harry Holmes* and *Andrews, Streetman, Logue & Mobley,* all of Houston, for defendants in error.

That deed from Alston and wife to Randons was on its face an absolute conveyance, and since the consideration named

therein was contractual and no allegations were made as to fraud, accident or mistake, parol evidence could not be introduced to show that it was intended as a mortgage. Kahn v. Kahn, 94 Texas, 114, 58 S. W., 825; East Line & R. R. Ry. Co. v. Garrett, 52 Texas, 133; Pridgen v. Furnish, 11 S. W. (2d) 844.

That said deed was executory only in the sense that all the consideration was not fully performed and this fact did not affect its validity as an executed conveyance of the homestead interest. Carey v. Starr, 93 Texas, 508, 56 S. W., 324; Rosek v. Kotzur, 267 S. W., 759; Emerson v. Pate, 165 S. W., 469.

Plaintiff's assignments complaining of the admission or ejection of evidence upon the trial cannot be considered by this court in the absence of a bill of exceptions showing what such rulings were. Alsup v. Hawkeye Securities Fire Ins. Co., 300 S. W., 223; Priddy v. Oneal, 142 S. W., 35; Gootch v. Spartman, 285 S. W., 897.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The opinion of the Court of Civil Appeals in this case is found at 33 S. W. (2d) 182. We refer thereto for a full statement. In the condition the record reaches this court the only law question really presented is the proper construction to be given the following instrument of writing:

"The State of Texas, County of Brazoria.

"Know all Men By These Presents: That we, William Alston and Millie Alston, his wife, of the County of Brazoria, State of Texas, for and in consideration of the sum of ten ($10.00) dollars to us in hand paid by our daughter, Adranna Randon, and her husband, Emanuel Randon; the receipt of which is hereby acknowledged, and further consideration of the care and attention and services rendered us in our old age by said Adranan and Emanuel Randon, and the further considerations of the undertaking and obligations on the part of said Adranna and Emanuel Randon, to take care of and provide for us during our natural lives, and the love and affection which we have for our said Daughter Adranna Randon and our Son-in-law Emanuel Randon, have Granted, Sold and Conveyed, and do by these presents, Grant, Sell, and Convey unto Adranan Randon and Emanuel Randon of the County of Brazoria, State of Texas:

"1st. All that certain tract or parcel of land lying and being situated in Brazoria County, Texas, and being one hundred (100) acres of land out of the C. G., H. A. and H. O.

Alsbury one and one-half league Grant, Abstract No. 4, situated on the West bank of the San Bernard River, and being out of the upper portion of the said grant, (description) * * * The tract herein conveyed being the upper half of the two hundred acre Homestead tract of the grantors, (description) * * * the tract herein conveyed being the tract on which grantors now reside.

"2nd. All the Live Stock which grantors now own, etc. * * *

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Adranna Randon and Emanuel Randon, their heirs and assigns forever, subject to the terms and conditions hereinafter provided, and we do hereby bind ourselves, our heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said Adranna Randon and Emanuel Randon, their heirs and assigns forever against all persons whomsoever lawfully claiming or to claim the same or any part thereof.

"The terms and conditions of this conveyance being that the said Emanuel Randon and Adranna Randon shall immediately take charge of all the property herein conveyed and shall hold, cultivate, or rent, manage and control same during our natural lives giving and granting to the said Emanuel and Adranna, full power to at any time mortgage or sell and convey, for such prices as they deem best, any part or all of the personal property herein conveyed and its increase and all crops raised on said land, the proceeds derived therefrom to be retained by said Adranna and Emanuel Randon, without any accounting therefor, to assist them in carrying their obligation to support the grantors herein.

"The said Adranna and Emanuel Randon shall take and it is the intention of the Grantors to convey to them by this instrument, the fee simple title to one-half of said tract herein conveyed, to be taken off of the River end of the said tract, including all of the river front and extending far enough back from the river to include one-half of said tract, with the improvements thereon situated, subject to the right of the grantors, if they should desire, which right is here reserved, to occupy the house in which they now live, during the life of either of them.

"The title to the western half of said tract of land shall be held in trust by the grantees herein in the proportion herein indicated, for Milli McKinney, of Galveston County, Texas, daughter of the grantors, one-fourth; William Alston, Jr., of

Brazoria County, Texas, son of the grantors, one-fourth; Louise Alston and Thomas Hendrick, children of Louisa Alston, deceased, and grand-children of Grantors, one-eighth each; and Georgia Boon, daughter of Mary Boon, deceased, and Granddaughter of Grantors, one-fourth. The above named as cestui que trust under this deed are to have no control or rights under this deed until after the death of the last survivor of the grantors herein, and no interest in the revenues derived from said property, or proceeds of any sales made during the life of the grantors. After the death of the last survivor of these grantors, then the said Adranna Randon and Emanuel Randon or the survivors, if either should die, shall convey to the above named cestui que trust their interest in the land as above designated, without accounting to either of them for the revenues of same up to the death of the last surviving grantor.

"If, at the death of the last surviving grantor herein, there should remain any of the personal property herein conveyed, the said Adranna Randon and Emanuel Randon, or the survivor of either shall take in fee simple one-half of said personal property, and the other half thereof shall be divided between the cestui que trust named herein in the same proportions as is above provided for the land."

It appears that since the execution of the above deed both the grantors therein have died. The westerly one-half of the tract of land described in the above deed is not involved in this appeal.

The Court of Civil Appeals holds that the above deed, on its face, operated to convey to Emanuel Randon and Adranna Randon the fee simple title to the easterly one-half of the 100 acres described therein. The easterly one-half is the river end of the land. We agree with this holding. In this connection we think a reading of the deed will demonstrate that, by its unambiguous and express terms, it operated to convey the present fee simple title to the easterly one-half, or river end, of the 100 acre tract of land described therein to the grantees named. It will here be noted that the deed expressly stated that it is the intention of the grantors to convey to the grantees *"the fee simple title"* to the land just mentioned, "subject to the right of the grantors, if they should desire, which right is reserved, to occupy the house in which they now live during the life of either of them."

██ Plaintiffs in error seem to contend that the above deed is illegal and ineffective because it is nothing more than an executory contract to convey the homestead in the future. Of

course, if such is its effect it is without legal force. Jones v. Goff, 63 Texas, 248. We think this deed bears no earmarks of an executory contract on the part of the grantors. Stitzle v. Evans, 74 Texas, 599; Carey v. Starr, 93 Texas, 508, 56 S. W., 324; Cox v. Combs (Civ. App.), 111 S. W., 1069, and authorities there cited. It is true that the instant deed recites, as a part of its consideration, the obligation on the part of the grantees to take care of and provide for grantor during grantor's natural lives, but such obligation was executory only on the part of the grantees; not on the part of grantors. While a deed to the homestead for a consideration to be paid in the future may be said to be executory for some purposes, it is not so construed for all purposes, and since this deed merely evidences that part of its consideration is yet to be performed, or paid, it is an executed contract on the part of grantors. Carey v. Starr, supra. We quote the following from Judge Brown's opinion in Carey v. Starr:

"From the time it was first announced that the reservation of a lien in a deed reserved the superior title to the vendor, there has been a continuous and persistent effort to push it to the limit of executory contracts for the sale of land, but this court has steadily resisted that effort, and has uniformly limited the vendor's title to the character of security for the purchase money debt; and when the debt has been paid the title of the, vendor ceases. Ogburn v. Whitlow, 80 Texas, 241, 15 S. W., 807; Brown v. Montgomery, 89 Texas, 250, 34 S. W., 443. In Ogburn v. Whitlow the vendee sought to defend against the purchase money notes on the ground that there was a defect in the title to the land, and claimed that the deed was an executory contract, but this court said, 'While such deeds have been held by this court to be executory for some purposes, we think it should not be so held for all purposes, and that the one now in question should, upon the issue now presented, be treated as an executed contract.' When the purchase money has been paid, the title of the vendee in a deed of the character in question becomes absolute, as to the vendor, without any action on his part. It is not executory in any sense, except that the title awaits the payment of the purchase money for the land. Stitzle v. Evans, 74 Texas, 599, 12 S. W., 326; Russell v. Kirkbridge, 62 Texas, 455."

Also we think the consideration recited in the above deed with reference to the obligation on the part of grantees to care for and support grantors should be treated as a covenant, and not as a condition. In this connection it is held that an agree-

ment on the part of a grantee to support the grantor, when recited as a consideration for a deed, will be treated as a covenant, and not as a condition, unless there is language in the deed making the agreement a condition, and such language should be clear and explicit. Rosek v. Kotzur (Civ. App.), 267 S. W., 759, and authorities there cited. There is no language in this deed making such obligation a condition. It is true that the habendum clause of this deed is followed by the phrase, "subject to the terms and *conditions* hereinafter provided," (Italics ours), but when the instrument is construed from its four corners, such being our rule of construction, it is evident that the word *"conditions"* was not intended to constitute the consideration already recited a condition instead of a covenant. In this connection it will be noted that the word *"conditions"* is connected with words looking forward, and not backward, in the deed. As thus connected it means substantially the same thing as the word *"terms,"* used in the same phrase.

■ Plaintiffs in error contend that the Court of Civil Appeals erred in affirming the judgment of the trial court because the deed in question was given as a mortgage to secure a debt of grantors to grantees. We have read the entire statement of facts, and there is no evidence therein that would support, or tend to support, such a finding.

Plaintiffs in error contend that they offered evidence in the trial court, which was erroneously excluded, that would have sustained a finding that this deed was intended as a mortgage to secure a debt owed by the grantors to the grantees. The bill of exception relating to this matter is as follows:

"BE IT KNOWN that upon the trial of the above entitled and numbered cause, the defendant, Adranna Randon, being a witness upon the stand, was interrogated by the plaintiffs, and the plaintiffs offered to prove by said witness that in truth and in fact the purported deed from William Alston and wife to herself and her husband was a mortgage, in this that it was given to secure she and her husband in certain advances made for attorney's fees and other expenses of said William Alston in defending a criminal proceeding for cattle theft, and that the true intent and purpose of said instrument was to secure the said Emanuel Randon and wife into the repayment of said money, which evidence was objected to by the defendants as being irrelevant and immaterial and not in rebuttal, and upon said objection the said evidence was excluded by the Court to which action of the Court, plaintiffs then and there

excepted and now tender this their Third Bill of Exceptions: thereto, and ask that same be allowed, approved and made a part. of this record."

The trial judge never approved the above bill, but expressly rejected. it in the following language written at the bottom thereof and signed by him:

"The foregoing bill of exceptions presented to me on Aug. 31, 1929, and rejected upon grounds same is too general and not in proper form."

It is evident that the above bill presents nothing for review. It is not approved by the trial judge, and is not a by-stander's bill. Art. 2237, Vernon's R. C. S., 1925, and notes; 3rd Tex. Jur., p. 644, No. 451; Id., p. 645, No. 462, and authorities there cited. Also a casual reading of the bill demonstrates. that it is too vague, general and indefinite to be considered. even if it had been approved.

■ The Court of Civil Appeals holds that where the recited consideration in a deed is contractual in its nature it cannot be· varied by parol evidence, absent fraud, accident or mistake. We are aware that such is the general rule, but it has no application when the pretended sale is in fact intended as a mortgage on a homestead. In this connection our Constitution provides: "No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money thereof, or improvements made thereon, as hereinabove provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void." Sec. 50, Art. 16, Texas Constitution.

Under the above constitutional provision it is permissible to prove that a deed was in fact intended as a mortgage. The pretended sale, with condition of defeasance, prohibited by the Constitution, includes any character of pretended sale, having for its purpose the placing of a lien on the homestead, other than those expressly permitted by the Constitution, and it is immaterial whether or not the condition of defeasance is expressed in the instrument. In this regard the latter portion of the above quoted provision, of the Constitution is an enlargement of the prohibition against mortgages, deeds of trust and. other liens on the homestead. It is not the condition of defeas-ance that is condemned, but the pretended sale. Astugueville· v. Loustaunau, 61 Texas, 233; Hardie v. Campbell, 63 Texas,. 292. When it is shown that the conveyance was in fact in-

334

tended as security for debt, with a condition of defeasance upon the payment of the debt, a pretended sale within the inhibition of the Constitution is shown. Hardie v. Campbell, 63 Texas, 292. In such instances it is not necessary to show fraud, accident, or mistake, and the constitutional prohibition against pretended sales cannot be defeated by reciting a contractual consideration.

■ In spite of this ruling we think no reversible error is presented by this record. As already shown the record contains no evidence whatever tending to show that this deed was intended as a security for debt, and there is no bill in the record relating to excluded testimony on this question that can be considered.

The record contains other assignments of error, but they are based on bills of exception in the same condition as the one quoted. Obviously they do not present error.

■ There are certain assignments in the application for the writ to the effect that the Court of Civil Appeals erred in affirming the judgment of the trial court based on an instructed verdict because certain plaintiffs offered evidence sufficient in law to support a limitation title. These assignments are not supported by any character of statements. They are not even supported by reference to the brief or to the statement of facts. In this condition of the record it is not our duty to pass on them. In spite of this we have taken the time to examine the statement of facts and we find no evidence therein that would support a title by limitation in any of the plaintiffs.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court, May 2, 1934.