## HALL v. BARRETT et al.
### No. 13884.

Court of Civil Appeals of Texas.
Fort Worth.

March 24, 1939.

Aubrey A. Wilson, of Gladewater, for appellant.

Florence & Florence, of Gilmer, for appellees.

BROWN, Justice.

Appellant was married to appellee, Eutie Barrett (who is now the wife of Jack Barrett), years ago and they were divorced in the year 1928.

On June 16th, 1936, Eutie Barrett and her present husband brought suit in trespass to try title against appellant, for an undivided one-half interest in the tract of land in controversy, and prayed for a partition of the interests of appellant and appellee.

The suit arises under the following facts: J. C. Hall, the father of H. O. Hall, on January 10th, 1925, executed a deed conveying a tract of about 180 acres in Upshur County to his two sons, H. O. Hall and E. C. Hall. The deed recites:

"For and in consideration of the sum of Ten and 00/100 Dollars to me in hand paid by H. O. Hall and E. C. Hall and the further consideration of the love and affection that I have and bear toward my two sons, the said H. O. Hall and E. C. Hall, and for the further consideration that the said H. O. Hall and E. C. Hall are to care for me in sickness and in health and provide such funds as shall be necessary to provide me with the necessities of life, such as food, clothing and such medical attention as I may need during my natural life, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said H. O. Hall and E. C. Hall of the County of Upshur, State of Texas, etc. etc. It is further understood that the East one-half of said land herein conveyed by running a line north and south is the property of H. O. Hall and the west one-half of same is and becomes the property of E. C. Hall.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said

H. O. Hall and E. C. Hall, their heirs and assigns forever."

The deed contains a general warranty.

Mrs. Eutie Barrett has brought suit on the theory that this property, acquired while the relationship of husband and wife existed between her and H. O. Hall, is community property and that, since the divorce, she has become a joint tenant with her former husband.

Appellant answered in due time with a plea of not guilty; that the property was a gift to him from his father (now deceased); that he has had peaceable and adverse possession under title for more than three years prior to the bringing of the suit; and that he has had peaceable and adverse possession, cultivating, using and enjoying the same, and paying all taxes due thereon, for a period of more than five years, before the suit was commenced.

The cause was tried to a jury on special issues, and the following findings made: (1) That the property in controversy is the separate property of H. O. Hall; (2) that since the divorce decree was rendered, H. O. Hall has held peaceable and adverse possession of the land under title for three years prior to June 16th, 1936.

Defendant Hall moved for judgment on this verdict in his favor, and plaintiff, Eutie Barrett and husband, filed a motion asking for judgment notwithstanding the verdict. The trial court sustained the plaintiffs' motion and rendered judgment awarding an undivided one-half interest in and to the H. O. Hall tract to plaintiff.

The judgment reads:

"The court finds that the findings of the jury in response to said special issues are unsupported in law and against the law and the testimony, and should be set aside and held for naught; that the plaintiff, Eutie Barrett, is entitled to recover of and from the defendants, H. O. Hall and wife, Odar Hall, an undivided one-half interest in and to the east one-half of the property described in plaintiff's petition, and which will hereinafter be fully described; and that judgment non obstante veredicto should be here and now entered in favor of the plaintiff.

"It is, therefore, ordered, adjudged and decreed by the court that the verdict of the jury upon the special issues submitted to it by the court be and the same are hereby in all respects set aside and held for naught."

H. O. Hall having appealed from such judgment to the Court of Civil Appeals for the Texarkana District, the cause was transferred to this Court by the Supreme Court.

We do not wish to appear hypercritical, but we are frank to say that we do not see how the verdict here attacked is "unsupported in law and against the law". The issues submitted are addressed to facts: 1st, is the property conveyed in the deed from H. O. Hall's father to H. O. Hall the separate estate of H. O. Hall? 2nd, has H. O. Hall had the peaceable and adverse possession claimed by him for a period of three years prior to the bringing of the suit?

Most assuredly these were pertinent and material issues. They were raised in H. O. Hall's pleading, and we say they were raised by the evidence.

■ In the first place, we say that the deed from Hall's father to H. O. Hall and E. C. Hall, on its face, is practically conclusive on the question of a gift. Most certainly the burden was upon Eutie Barrett to establish the fact that it was not a deed of gift but was one conveying the property to H. O. Hall as community property. One who reads the deed immediately concludes from its very words that it is a deed of gift. The testimony adduced supports such view, and the jury found, under instructions that are not attacked, that the deed was one of gift.

■ Much ado is made of the recited consideration of "Ten Dollars" paid to the grantor. All of us know that this is the usual and customary formal recitation used in deeds of gift. No one attempted to prove that these grantees actually paid the grantor such sum. We see nothing in the contention.

When we come to that portion of the deed where the recitals refer to the care and support of the grantor by the two grantees, Eutie Barrett testified that for a short while—from about October in the year 1925, until she left the premises, April 27th, 1927, she ministered to and looked after the wants of the grantor, in sickness and in health. She sought to corroborate her testimony by using her former sister-in-law, the former wife of E. C. Hall, who testified to her services.

Just to give a true picture of the situation, this witness has divorced her husband and has brought suit for a like interest in her former husband's one-half of the tract

conveyed by his father to him. Evidently this testimony was introduced on the theory of an attempt to establish a performance on the part of Eutie Hall of the promise to support and care for the grantor.

We do not attach much importance to that portion of the deed which stipulates: "and for the further consideration that the said H. O. Hall and E. C. Hall are to care for me in sickness and in health and provide such funds as shall be necessary to provide me with the necessities of life, such as food, clothing and such medical attention as I may need during my natural life", as affecting the nature of the instrument. That is to say, whether such words show an intention to sell the property to the sons for such services.

■ The Supreme Court, in Sisk v. Randon, 123 Tex. 326, 70 S.W.2d 689, affirming Court of Civil Appeals, 33 S.W.2d 1082, holds that a grantee's agreement to support the grantor when recited as a consideration for a deed, will be treated as a covenant rather than a condition, unless the deed clearly and explicitly makes the agreement a condition.

This is a rule of construction that has long been established and many cases may be cited in support of such rule.

The opinion in the Sisk case cites Rosek v. Kotzur, Tex.Civ.App., 267 S.W. 759, 762, wherein the following language is used: "Even in cases of doubt or ambiguity in the promise it will be construed as a covenant and not a condition. So the presence of language quite direct and clear, expressing the agreement providing for a forfeiture and re-entry, is necessary before the promise constitutes a condition subsequent."

■ It is readily seen that in such class of deeds one may inquire into the real consideration for the execution of the instrument. Mahon v. Barnett et al., Tex.Civ. App., 45 S.W. 24; Burns v. Nichols, Tex. Civ.App., 207 S.W. 158.

■ Therefore the testimony concerning the statements made by the grantor showing his intention to give the lands to his sons was admissible. See also Brito v. Slack, Tex.Civ.App., 25 S.W.2d 881.

But we believe that the deed in question shows upon its face that the grantor made a gift of the land to his sons.

We conclude that the recitals in the deed cast the burden upon Eutie Barrett to show that the transaction was such as that it constituted a sale of the lands to the sons by the father.

The jury, on the facts adduced, have found against Eutie Barrett on this issue.

■ In the well considered case of Bankers' Trust Co. v. Bank of Rockville Center Trust Co., 114 N.J.Eq. 391, 168 A. 733, 89 A.L.R. 697, wherein 20 Ruling Case Law, p. 588, is quoted, it is said that to overcome the presumption of a gift from a father to his son, the proof offered to accomplish it must be certain, definite, reliable and convincing, and leave no reasonable doubt as to the intention of the parties.

■ Mrs. Eutie Barrett does not meet this test, and the jury has found against her.

Mrs. Barrett was divorced from H. O. Hall, as we have pointed out, in 1928, and in that divorce proceeding she made no claim on the property in controversy. She could have done so, had she so desired.

■ Since the divorce, the testimony of appellant, Hall, shows that he put her on notice that he claimed the property as his own and that he denied her right to claim any interest in it. All this she denied, but the jury found that Hall had established his title to all of the tract through the Statute of Limitations of three years, as provided for in Article 5507, R.C. S.

We cannot agree with the trial court, wherein the judgment recites that "the findings of the jury to said special issues are * * * against the testimony." They have support in the testimony, as we view the record.

■ Now, if the trial court had found that the findings made by the jury were against the preponderance of the evidence, the proper action for the trial court to take would have been to set aside the verdict of the jury and grant a new trial. He could not render judgment for the party against whom the jury returned a verdict.

■ The trial court evidently concluded that a peremptory instruction should have been given by him in favor of the plaintiff, Eutie Barrett, although the record discloses that none was requested. In the plaintiffs' objections to the court's charge, there is a prayer only that the trial court "so change, modify, supplement and/or

amend the court's main charge so as to conform to the objections and exceptions hereinabove pointed out". The charge shows that changes were made to meet some of the objections. Under the record before us, Mrs. Eutie Barrett was not entitled to a peremptory instruction to find for her.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered for appellant.