### H. L. Cox et ux. v. D. W. Combs et al.

#### Decided June 16, 1908.

**1.—Deed—Mental Capacity of Grantor—Evidence.**

In order to cancel a deed on the ground of mental incapacity of the grantor, it is necessary to show that the grantor was not mentally capable of fully understanding all of the details of the transaction and all of the consequences resulting therefrom. Evidence considered, and held insufficient to support a judgment cancelling a deed for the want of mental capacity of the grantor.

**2.—Deed—Consideration—Unequal Contract—Cancellation.**

A deed will not be cancelled on the ground alone that the contract for the support and maintenance of the grantor by the grantee, which constituted the consideration for the conveyance, was a foolish and unequal one.

**3.—Deed—Covenant—Breach—Effect.**

In a deed, wherein the grantee agreed to support and maintain the grantor during his life, the following expression occurred: "Conditioned, that the said C. (grantee) shall well and truly perform all of the agreements and obligations and undertakings herein mentioned, the title to the above described premises to become absolutely in the said C. at my death. Said conditions above mentioned herein having been by him, the said C., fulfilled." Held, a covenant, and not a condition for breach of which the estate became forfeited and reverted to the grantor. Failure to comply with the covenant did not authorize a recovery of the land by the grantor.

**4.—Deed—Covenant for Maintenance—Construction.**

A covenant by a grantee in a deed to furnish board and lodging to the grantor during the remainder of his life, carried with it an implied obligation to treat the grantor kindly and to provide him with reasonably good food and comfortable lodging. The grantee would not be chargeable with a failure of duty in this respect on the part of his wife unless he had notice and knowledge thereof.

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*A. C. Van Velzer*, for plaintiffs in error.—A suit to enforce a forfeiture of an estate for condition broken is a suit at law, and is not an equitable proceeding; and, as the law does not favor forfeitures, the alleged condition will be construed a covenant, unless the intent appears that a forfeiture was intended in case of breach. Morrill v. Wabash, St. L. & P. Ry., 9 S. W., 657; Henderson v. Beaton, 1 Texas U. C., 20; Voris v. Renshaw, 49 Ill., 433; Normal School v. First Baptist Church, 63 Ill., 204; Ruggles v. Clare, 45 Kans., 662; 26 P., 25; Paschall v. Passmore, 15 Pa. St., 297; Ayer v. Emery, 96 Mass., 67.

A condition must be expressly stated: Henderson v. Beaton, 1 Pos. U. C., 20; Normal School v. First Baptist Church, 63 Ill., 204.

"Conditioned" does not necessarily create a conditional estate: Fuller v. Arms, 45 Vt., 400; Rawson v. School District No. 5, 89 Mass., 125,

128, 129; Stanley v. Colt, 72 U. S., 119; Chapin v. Harris, 90 Mass., 596; Ayling v. Kramer, 133 Mass., 12; Palmer v. Ryan, 63 Vt., 227; 22 Atl., 374; Brown v. Caldwell, 23 W. Va., 187; 48 Am. Rep., 576; Sohier v. Trinity Church, 109 Mass., 1; Wright v. Wilkin, 2 Best & S., 232; Episcopal C. Mission v. Appleton, 117 Mass., 326; Hornback v. Cincinnati & Z. Ry., 20 Ohio St., 81; Portland v. Terwilliger, 16 Or., 465; 19 P., 90; Elyton Land Co. v. South & North Alabama Ry., 100 Ala., 396; 14 S., 207; Woodruff v. Woodruff, 44 N. J. Eq., 349; 16 Atl., 4; Post v. Weil, 115 N. Y., 361; Countryman v. Deck, 13 Abb. N. C., 110 (N. Y.).

*J. V. Meek,* for defendant in error.

REESE, ASSOCIATE JUSTICE.—In this suit D. W. Combs seeks to have set aside a deed executed by him to H. L. Cox for a lot of ground in the city of Houston upon which was his homestead, and to recover the property. Upon trial without a jury there was a judgment for plaintiff, from which defendants Cox and wife prosecute this appeal by writ of error. Pending the trial Mary Ella Graham, a daughter of Combs, her mother being dead, joined by her husband, intervened, setting up title to the property. There was judgment against this claim of interveners, from which they do not appeal, and it will not be necessary to make further reference to it in the decision of this appeal.

The instrument sought to be cancelled is a regular deed of conveyance executed by Combs, conveying to H. L. Cox lot No. 1, block 240, Baker's Addition to the city of Houston, with general warranty. The consideration recited is, services rendered and to be rendered by Cox, in this, that he and his family are to occupy the premises, and Combs is to occupy a part of the same, and Cox is to furnish him with a room and board free of charge until his death. The property is not to be encumbered any further than the same is already encumbered until Combs' death, nor, until then, is the same to be sold or given away. Cox is to assume the payment of a certain mortgage on the property and pay it off at its maturity, but, by an instrument subsequently executed, Cox is relieved from the condition of paying off this mortgage at its maturity, and is only required to pay off and discharge the same so that the property shall not be subjected to sale therefor. The deed concludes as follows: "Have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said H. L. Cox the following described property, to wit: All that certain tract, lot or parcel of land, and the improvements thereon, situated in Houston, Harris County, Texas, and being more particularly described as lot no. one (1) in block 240, Baker Addition, north side of Buffalo bayou, of Houston, Harris County, Texas. Conditioned, that the said H. L. Cox shall well and truly perform all of the agreements and obligations and undertakings herein mentioned, the title to the above described premises to become absolutely in the said H. L. Cox at my death, said conditions above mentioned herein having been by him, the said H. L. Cox, fulfilled.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging

unto the said H. L. Cox, his heirs and assigns forever, and I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said H. L. Cox, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

Appellee sought to cancel the deed on the grounds (1) of mental incapacity, (2) fraud in procuring its execution and (3) failure on the part of Cox to comply with the conditions of the contract. In connection with the latter ground it was alleged that Mrs. Cox was a drunkard, and various acts of harsh and improper treatment at her hands by appellee are charged, the effect of all of which was to render it impossible for appellee to continue to live on the premises, as contemplated by the parties when the contract was executed. Also, failure to furnish appellee with proper or sufficient board, as contracted for.

Conclusions of fact and law are in the record. It is objected by appellants that there was no request therefor, but a large part of their brief is devoted to alleged errors therein.

The first assignment complains of the finding of fact "that, for all practical purposes, Combs was not able to properly judge of the character and consequences of the conveyance from himself to Cox," for the reason that there is no evidence of mental incapacity.

To meet the objection that there was no evidence in the record to sustain this finding, it was clearly incumbent upon appellee to point out such evidence if there was, in fact, any in the record. From the standpoint of appellant he could only refer to the entire record as supporting the assignment. He was clearly not required to point out evidence which he alleged did not exist.

In appellant's brief we are referred in general terms to the testimony of appellee, and of certain witnesses introduced by him in support of this assignment. We have carefully examined this testimony, and none of it goes farther, or will support a stronger conclusion, than that appellee could not read nor write, that he sometimes drank to excess and that he was easily persuaded. The testimony of A. R. Miller is probably the strongest for appellee on this point, and is as follows:

"He is old and easily persuaded. In my opinion, he could not properly understand the contents of a lengthy conveyance, with stipulations to be performed by both the grantor and the grantee, sufficiently to transact such business. I think he could understand that, by signing a deed to his home place, he was conveying it away, and that he could understand the other party named in such deed would receive the place; and that he could understand that such a deed was to provide him support for life; and that he could understand that, under such a deed, he had a right to stay on the place and receive his board and room use; and that he could understand that the other party to such deed was to pay off a tax debt on the property. My opinion is that he is illiterate, and easily persuaded."

The court states in his findings that some time ago appellee brought suit against Mrs. Sullivan to cancel a deed to her on substantially the same grounds as are urged in this case, and that Cox was his principal witness, the trial resulting in a cancellation of the deed.

We have not been referred to any evidence in the record upon this

point further than that a suit was brought by appellee against Mrs. Sullivan, and that Cox stood his friend in the suit and testified for him. It is not shown upon what grounds that deed was cancelled or sought to be canceled. We think the evidence in the record is insufficient to sustain the conclusion that appellee, at the time he executed the deed, was not mentally capable of fully understanding all of the details of the transaction and all of the consequences resulting therefrom. This was sufficient in the way of mental capacity. (1 Dev. Deeds, secs. 68, 69.)

It may be remarked that it appears from the conclusions of law that the court did not, in fact, base its judgment setting aside the deed upon this ground. The first assignment of error must be sustained.

The second and third assignments of error are without merit.

The fourth, fifth and sixth assignments of error present the general proposition that the court, in its judgment, ignored the law applicable to the facts, and placed its decision upon the ground of hardship to appellee.

These assignments present, we think, the question of the correctness of the judgment and of the court's conclusions of law. The court does not determine whether the stipulations in the deed as to the acts to be performed by appellant in furnishing a home, board, etc., for appellee, amount to a covenant or to a condition subsequent, but concludes that the contract should be set aside on the ground that it is a very foolish contract on the part of appellee, made with a man familiar with his mental condition, and that the conditions, obligations and undertakings entered into by appellee have failed to such extent as to make it impracticable that appellee should derive the benefits from the use of the property that were contemplated by the parties, and therefore on the ground of hardship the deed should be set aside.

However we might be inclined to agree with the disposition to relieve appellee from the consequences of a foolish and unequal contract, such a result, we think, would be in violation of principles well settled, at least in this State, where the hardship rule, in cases of this kind, has not been recognized.

No proper determination of the issues involved can be had without a construction of the deed in question and of the expression as it occurs in the deed, "Conditioned, that the said H. L. Cox shall well and truly perform all of the agreements and obligations and undertakings herein mentioned, the title to the above described premises to become absolutely in the said H. L. Cox at my death. Said conditions above mentioned herein having been by him, the said H. L. Cox, fulfilled."

Without these conditions, or unless they are construed as conditions subsequent, for failure to perform which the title and possession were to revert to the grantor, this case falls easily within the principles of adjudged cases. (Mayer v. Swift, 73 Texas, 367; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Texas, 218; Moore v. Cross, 87 Texas, 561; Freeman v. Jones, 43 Texas Civ. App., 332; Elliott v. Elliott, lately decided by this court, not reported, in which writ of error has been refused.) So that it is a primary condition to a proper decision of the issues in this case to determine whether the words of the conveyance import a grant upon condition. In determining this question it must be

borne in mind that conditions which involve a forfeiture `are not favored, and that courts will incline towards such construction of the terms of the deed as will save the estate from forfeiture. (Ryan v. Porter, 61 Texas, 109; 6 Am. & Eng. Ency. of Law, 502.) It is consistent with the ordinary meaning of the terms of this conveyance that by the conditional clause it was meant that, upon the full performance of the stipulations of the deed, the estate granted should be absolute in the grantee, freed and discharged of all liens, charges and encumbrances, for securing the performance of the covenants. This construction is supported by the absence of any provision for a reversion or other appropriate words of forfeiture. (Paschall v. Passmore, 15 Pa. St., 307; Elyton Land Co. v. So. Ala. R. R. Co., 100 Ala., 405; Hartung v. Witte, 59 Wis., 292.)

We are of the opinion that the language of the deed imports a covenant, and not a condition for breach of which the estate became forfeited and reverted to the grantor. (Ayer v. Emery, 96 Mass., 69; McClure v. Cook, 20 S. E., 612; Gallagher v. Herbert, 7 N. E., 511; Weir v. Simmons, 55 Wis., 637; Goodpaster v. Leathers, 23 N. E., 1090; Taylor v. Lanier, 9 Am. Dec., 599; Campau v. Chene, 1 Mich., 400; Em. Co. v. Adm's, 100 U. C., 61.)

Failure to comply with the covenants of the deed did not authorize a recovery of the land by the grantor. (Elliott v. Elliott, *supra*, and cases cited.)

The court does not, in its conclusions of fact, find that there was any fraud practiced by appellant upon appellee to procure the execution of the deed. There being, therefore, neither such mental infirmity nor fraud, nor breach of condition subsequent as would authorize a cancellation of the deed, so far as appears from this record, it would appear that the judgment cancelling it for mere hardship is erroneous. That it is a foolish and unequal contract is clear, and we think that not much additional evidence of mental imbecility than is afforded by the nature of the contract would be required. (1 Dev. on Deeds, *supra*.) But this record can not be considered as affording any evidence of mental incapacity, outside of the terms of the improvident contract, and that of itself and unaided can not be considered as evidence of such mental incapacity as would authorize a cancellation of the deed.

What has been said disposes of the seventh assignment of error.

The eighth and ninth assignments of error will not be considered, as they are not followed by such statement from the record as required by rule 31.

Construing the terms of the conveyance as embracing covenants on the part of appellant to furnish board and lodging to appellee during his life, we think that this carried with it an implied obligation on the part of appellant Cox and his wife to treat appellee kindly, and to provide him with reasonably good food and comfortable lodgings. It would be a breach of this covenant if, by their treatment, or that of either of them, of appellee, his life was made unpleasant or uncomfortable. In this connection as to Mrs. Cox's treatment of appellee, and as illustrating or explaining any charge of mistreatment, her habits of drunkenness would be material, but only in connection with, or as tending to explain, any alleged mistreatment of appellee. As to her general habit of

using intoxicants, if this charge be true, it appears from appellee's testimony that he was fully aware of this before he made the contract. We doubt, however, whether appellant Cox should be charged with the derelictions of duty of his wife, unless he had notice or knowledge thereof. Testimony as to Mrs. Cox's general habit of getting drunk, and her general reputation in this regard, was immaterial, and should not have been admitted.

What we have said disposes substantially of the various assignments of error. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*