### PRIDDY et al. v. O'NEAL.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 16, 1911.)

1. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where a case had been pending in the trial court for over five years, and had been set down for trial a number of times, but for various reasons had been postponed, defendant, who went to trial without seeking a postponement or continuance, did not show such diligence as to entitle him to a new trial on the ground of newly discovered evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

2. NEW TRIAL (§ 104*)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.

In an action upon a replevin bond, where the defendant introduced evidence as to the value of the property replevied, newly discovered evidence, showing that defendant's testimony as to the value of the property was true, did not entitle him to a new trial, being only cumulative.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 218–220, 228; Dec. Dig. § 104.*]

3. NEW TRIAL (§ 150*)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY OF SHOWING.

Where a newly discovered witness refused to make an affidavit that he heard plaintiff make certain admissions, an affidavit by defendant that such witness would testify to hearing those admissions was not ground for new trial for newly discovered evidence.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 150.*]

4. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMING FACTS.

In an action upon a replevin bond, a charge, that if at the time defendant took the drill in controversy plaintiff owned the drill, and had not given his consent to the taking, etc., is not erroneous in assuming that the drill was owned by plaintiff.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 191.*]

5. APPEAL AND ERROR (§ 553*)—BILLS OF EXCEPTION—EX PARTE AFFIDAVITS.

Even though the trial court wrongfully refused to give a bill of exceptions, ex parte affidavits improperly placed in the transcript cannot be considered on appeal in place of the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 553.*]

Error from District Court, Tarrant County; R. H. Buck, Judge.

Action by J. J. O'Neal against G. B. Priddy and others. From a judgment for plaintiff, defendants bring error. Affirmed.

C. R. Bowlin and J. G. Browning, for plaintiffs in error. Capps, Cantey, Hanger & Short, for defendant in error.

SPEER, J. Defendant in error sued Priddy and recovered judgment against him and the other plaintiffs in error, as sureties on his replevy bond, for the value of a certain well-drilling machine, alleged to have been converted by Priddy. The defendant and his sureties prosecute this writ of error.

[1, 2] The first complaint is that the court should have granted a new trial on account of newly discovered evidence as to the market value of the converted property. The record shows that the case had been pending in the trial court for nearly six years, during which time it had been set down a number of times for trial, and the trial for various reasons postponed. The affidavit for a sequestration made by defendant in error at the beginning of the litigation alleged the value of the property to be $356.25. The replevy bond upon which the recovery in the case was had, which bore date February 12, 1904, itself recites that the sheriff had appraised the property at $356.25, and binds the principal and sureties in the sum of $800. Counsel for plaintiffs in error had due notice of the final setting of the case for trial, and, so far as the record shows, announced ready for trial without seeking a postponement or continuance. Besides, the newly discovered evidence as to the value was purely cumulative; the plaintiffs in error having introduced evidence that the property was worth only the sum of $100. There was a conflict upon this issue; defendant in error having testified to a valuation sufficient to authorize the judgment, which was for $300, and in this he was corroborated by other testimony. In this state of the record, we hold there was no error in refusing the motion for a new trial on the ground of newly discovered evidence, and that the judgment is supported by the testimony offered. Upon the last point, it is well to note that, although defendant in error gave only the sum of $100 originally for the machine, he testified that it had been rebuilt, and was practically as good as a new machine, which would be worth $400.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[3] Nor should a new trial have been granted upon the newly discovered evidence of S. H. Walton, by whom it was proposed to prove that defendant in error consented for defendant Priddy to take the machinery with which to finish a well previously begun for one Baker. True plaintiff in error Priddy made affidavit in his motion for new trial that Walton had stated to him since the trial that O'Neal had made such admission, but the motion further discloses that Walton refused to make an affidavit to that effect. Under such circumstances, the trial court was justified in concluding that Walton would not so testify on another trial.

[4] It is next complained that the following charge, which was given, assumes that the machinery was the property of plaintiff, when the main defense was that the title had not passed, namely: "If you find and believe from the evidence in this case that at the time defendant G. B. Priddy took the well drill in controversy from Mr. Lusk's place that the plaintiff owned said well drill, and that said plaintiff had not given his consent to such taking, and that the same was done without his consent," etc. It requires no comment, however, to show that the charge plainly submitted to the jury to find whether or not defendant in error owned the drill.

[5] The matter complained of in the fifth assignment is not properly before us. If the trial court wrongfully refused to give a bill of exception, the statute supplies a remedy. We cannot consider ex parte affidavits improperly embraced in the transcript, as taking the place of a bill of exceptions, to expose to review an error committed by the court in the trial of the case.

There is no error in the judgment, and it is affirmed.