EMERSON et al. v. PATE et al.

(Court of Civil Appeals of Texas. Galveston. March 26, 1914.)

1. DEEDS (§ 108*)—EFFECT—TIME.

It is the duty of the court, if possible, to give effect to the intention of the maker of a deed, if it appears to have been his intention that it should take effect on his death, subject to the qualification that such intention must be gathered from the face of the instrument.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 294–308; Dec. Dig. § 108.*]

2. WILLS (§ 88*)—CHARACTER OF INSTRUMENT —DEED OR WILL.

An instrument, in form a deed, purporting to convey land to the grantor's daughter, having been delivered and recorded as a deed, may not be construed to be a will because of a clause that it was agreed that the deed and land should be held in the grantors' possession as a homestead until their death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 208–217; Dec. Dig. § 88.*]

3. DEEDS (§ 143*)—CONSTRUCTION—ESTATE CONVEYED—STATUTES.

Sayles' Ann. Civ. St. 1897, art. 627, provides that every estate in lands which shall be granted, though other words, necessary at common law to transfer estate in fee, be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed, or devised by construction or operation of law. Held that, where a deed conveying certain real estate to the grantors' daughter contained a clause that it should be held in the grantors' possession and the property occupied by them as a home until their death, such clause did not reserve any estate in the grantors, but the deed passed the fee to the daughter, subject to a mere right of occupancy in the grantors as a homestead for life.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 453–455, 465–468; Dec. Dig. § 143.*]

4. TRESPASS TO TRY TITLE (§ 6*)—RIGHT OF ACTION.

The owner of the fee may maintain trespass to try title as against defendants, who, without title, are asserting an adverse claim to the land, in which the owner may recover judgment for the land, and also damages sustained by reason of the cutting of timber by defendants, and an injunction restraining them from taking other timber from the land.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–9, 15, 16; Dec. Dig. § 6.*]

5. LOGS AND LOGGING (§ 2*)—RIGHT OF POSSESSION—CUTTING TIMBER.

Where grantors, in a deed to their daughter, reserved only a right to occupy the land as their home until their death, they did not, by virtue of such reservation, enjoy the right to cut timber from the land or to authorize others to do so.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 1–5; Dec. Dig. § 2.*]

Appeal from District Court, Sabine County; A. E. Davis, Judge.

Trespass to try title by Lizzie ·W. L. Pate and others against Vick Emerson and others. Judgment for plaintiffs, and ·defendants appeal. Affirmed.

· Hamilton & Hamilton and J. W. Minton, all of Hemphill, for appellants. E. P. Padgett, of Hemphill, for appellees.

McMEANS, J. This is an action of trespass to try title, brought by Mrs. Lizzie W. L. Pate and her husband, W. F. Pate, against Vick Emerson, J. R. Harris, Robert Henry, J. A. Watson, A. D. Hamilton, J. W. Minton, and the Gulf, Colorado & Santa Fé Railroad Company, for the recovery of 84 acres of the Elijah Clark survey of land in Sabine county, and for damages for cutting and taking timber therefrom, and for injunction restraining defendants from further cutting and removing the timber. A temporary injunction was granted in the terms of the prayer. The defendant Vick Emerson disclaimed, and the other defendants answered by general denial and plea of not guilty. The case was tried before the court without a jury and resulted in a judgment for the plaintiffs for the land, and for $110.89 for damages, and perpetuating the injunction, from which judgment the defendants have appealed.

The material facts introduced upon the trial on the issues involved on this appeal are as follows: D. M. Cooper and wife, G. B. Cooper, were the common source of title, and on November 29, 1904, were the owners of the land in controversy, and were then living on the land, which was a part of a tract of 500 acres owned by them. On said date they sent for L. C. Whittlesey, a justice of the peace, and had him to prepare several deeds conveying certain parcels of land out of the 500-acre tract to their children, one of which was a deed conveying to their daughter, Mrs. Lizzie W. L. Pate, the appellee, the 84 acres in controversy, which deed the said D. M. Cooper and wife duly signed and acknowledged before the said Whittlesey, as ex officio notary public. This deed was in the regular form prescribed by the statute, except that immediately following the description of the tract, and immediately preceding the clause of general · warranty, the following words were inserted: "And it is further agreed that this deed and conveyance of the within described tract of land is to be held in our possession and occupied by us as a home until our death." ·Whittlesey, not having his notarial seal with him, took the deed home with him, and after affixing his seal delivered the deed to the county clerk, who filed the same for record, and afterwards, on December 7, 1904, duly recorded the same in the deed records of Sabine county, in volume T, on pages 140 and 141. Whittlesey could not remember whether the grantors directed him to deliver the deed to the county clerk for record. ·On the 18th day of July, 1905, D. M. Cooper and wife, G. B. Cooper, executed a general warranty deed conveying to their son, G. W. Cooper, the same 84 acres described in their deed to appellee Mrs. Pate. The description given in this deed is as follows: "Eighty-four acres of land heretofore deeded by us to Lizzie W. L. Pate, on the 29th day of November 1904, and recorded in the deed records of Sabine county, Texas, in volume T on pages 140 and 141, to which said deed and the record thereof reference is here made for a complete description of this tract of land." In this deed, immediately following this description, the following language was inserted: "Hereby revoking any and all deeds heretofore given by us because there was no consideration whatever paid to us as stated in the said deed, and said deeds were only given to express our wills at our death." The other defendants claim through mesne conveyances under G. W. Cooper.

D. M. Cooper died in 1906, but G. B. Cooper, his widow, still lives, and in 1906, after the death of her husband, moved off of the land and has never returned.

Under an assignment of error complaining of the refusal of the court to grant their motion for a new trial, appellants present three propositions as follows: ·(1) "The instrument relied upon by the plaintiffs was testamentary in character, and is not sufficient to support plaintiffs' claim for title to the land in a suit of trespass to try title;" (2) "it is the duty of the court, if possible, to give effect to the intention of the maker, if it appears to have been his intention that it should take effect on his death;" and (3) "the deed from D. M. Cooper and wife to Lizzie W. L. Pate did not, at most, convey more than an estate in futuro, and therefore would not support an action of trespass to try title and injunction during the lifetime of either of the grantors, who had reserved a life estate in the lands conveyed."

[1] The soundness of the second proposition may be conceded, if there be added that the intention of the maker should be gathered from the face of the instrument. The intention so determined is of primary importance.

[2] The deed from D. M. Cooper and wife to Mrs. Pate appears on its face to be a deed,. was signed by the grantors without witnesses, and acknowledged as a deed. In the deed afterwards made by the grantors conveying the same land to G. W. Cooper, they refer to it as a deed, and refer to the book in which it had been recorded as the "deed records," and their attempted revocation is of it as a deed and not a will. It has all of the characteristics of a deed and none of a will; and, gathering the intention of the grantors from the· language of the instrument, it was a deed and not a will, and was not even testamentary in character. McLain v. Carrison, 39 Tex. Civ. App. 431, 88 S. W. 484, 89 S. W. 284.

[3] Being a deed, then, did it pass the title to the land in præsenti, or did it retain the title in grantors until their death? This

also must be determined from the face of the instrument. Article 627, Sayles' Civil Statutes, provides: "Every estate in lands which shall hereafter be granted, conveyed or devised to one, although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law." It is clear, we think, that by the deed in question a fee-simple estate in the 84 acres was vested in Mrs. Pate, unless the insertion in the deed of the words, "and it is further agreed that this deed and conveyance of the within described tract of land is to be held in our possession and occupied by us as a home until our death," has the effect to limit the grant or unless by construction or operation of law it can be said a less estate was granted.

No question is made upon this appeal of want of consideration or of sufficiency of consideration to support the conveyance, nor is there any question as to the delivery of the deed by the grantors to the grantee. For the purpose of this appeal it may be assumed that the grantee paid a valuable consideration, and that the deed was delivered by the grantors to her. Clearly the language quoted above did not in any way limit the estate granted, for the fee-simple title was expressly granted by the clear and unmistakable language of the deed itself. At most it only reserved to the grantors the right of possession as a home during the remainder of their lives, while the deed vested the absolute title in appellee in præsenti. Under this reservation Cooper and wife did not retain a life estate, nor did the deed convey an estate to commence in futuro, but the fee-simple title immediately passed thereby, and the grantee's rights in the land became at once superior to that of the grantors, with the single exception of the homestead right, which the grantors reserved. It follows that, as the title had passed out of D. M. Cooper and wife at the time they attempted to convey the land to G. W. Cooper, the latter acquired no title by reason of the execution of the deed to him, and therefore he could not by his deed pass title to the other defendants who claim under him.

[4] Without discussing Mrs. Pate's right to the possession upon the death of her father and the abandonment of possession by her mother,. we think it sufficient to say, in conclusion, that Mrs. Pate, as the owner of the fee, had the right as against the defendants, who are asserting an adverse claim thereto, and who are without title, to maintain an action for the recovery of the land, and for the damages sustained by reason of the taking by them of the timber, and for injunction to restrain them from taking other timber therefrom.

[5] The title to the timber passed with the title to the land, and the right of possession reserved by the Coopers gave them no title thereto, nor right to sell or otherwise dispose of the same, and if, at the time this suit was brought and prosecuted to judgment, Mrs. Cooper still had a homestead right in the property, the title to both the land and timber being in Mrs. Pate, she had the right, not only to maintain her suit for the recovery of the land as against defendants, but to require them to respond in damages for the wrongful taking of the timber belonging to her and to restrain them from further damaging her estate in this way.

The judgment of the court below is affirmed.

Affirmed.