## FORT WORTH & D. C. RY. CO. v. HARRIS.
### (No. 2801.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 9, 1923. Rehearing Denied Nov. 22, 1923.)

**1. Railroads ⊜⇒412(4)—Fence must be sufficient to turn stock of ordinary habits.**

Where a railroad company has fenced the right of way, in compliance with statute, to relieve itself of liability for injuries to stock, the fence must be sufficient to turn stock of ordinary habits and disposition.

**2. Damages ⊜⇒217—Instruction using word "value" instead of words "market value" held not erroneous.**

In an action to recover the value of live stock killed on defendant's right of way, instruction *held* not erroneous for using the word "value" instead of "market value," because there was no evidence tending to show that the actual value was different from the market value.

**3. Appeal and error ⊜⇒536—Assignment of error not supported by bill of exceptions not considered.**

An assignment of error will not be considered, where no proper bill of exceptions appears in the record to support it.

Appeal from Montague County Court; H. S. Caloway, Judge.

Action by T. T. Harris against the Fort Worth & Denver City Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thompson, Barwise & Wharton, of Fort Worth, and Donald & Donald, of Bowie, for appellant.

Benson & Benson, of Bowie, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for $350 as the value of a horse and mule killed on appellant's right of way by a locomotive. After a general denial, the appellant pleaded contributory negligence on the part of the appellee in tearing down the fence inclosing its right of way, and thus making an opening through which the stock entered. It also pleaded that the stock law was in force in that locality, and that plaintiff negligently permitted his stock to run at large.

The evidence shows that the railroad right of way had been fenced, but that the fence was down in places, and that gates made for crossings were permitted to stand open. It was further shown that the stock were killed in a cut, the circumstances indicating that they were struck by a passing locomotive.

The court, in effect, charged that the ap-
pellant would be liable for the market value of the stock, if the fence inclosing the appellant's right of way was insufficient to turn the appellee's stock. This charge, however, was qualified by other paragraphs which made the plaintiff's recovery contingent upon a failure to find that he was guilty of contributory negligence in tearing down the fence as charged in the appellant's answer.

[1] The appellant complains because liability was not made contingent upon its negligence in failing to keep the fence in proper repair. The argument is made that, having once fenced its track in compliance with the statute, appellant was called upon to exercise only ordinary care thereafter in keeping the fence in proper condition, in order to escape absolute liability. The article which requires railroad companies to fence their tracks in order to escape absolute liability means that the fence constructed must be sufficient to turn stock of ordinary habits and disposition. T. & P. Ry. Co. v. Webb, 102 Tex. 210, 114 S. W. 1171; Ry. Co. v. Porter (Tex. Civ. App.) 166 S. W. 37; Texas Central Ry. Co. v. Pruitt, 101 Tex. 548, 109 S. W. 925.

[2] It is also contended that the charge was on the weight of the evidence in assuming that the stock had a market value. The evidence is undisputed that the horse did have a market value, but some of the appellant's witnesses testified that the mule was worthless. The objection is more technical than meritorious. The charge might have been framed differently, but only a jury composed of incompetent men could have been misled by the language used if they would otherwise conclude that a worthless animal had been killed. The appellee testified to the value of the mule, and denied that it was the worthless crippled animal which some of the appellant's witnesses referred to as having no value. Using the words "market value" instead of "value" in the charge was of no importance, because there was no evidence tending to show that the actual value was different from the market value. In Ry. Co. v. Harle (Tex. Civ. App.) 240 S. W. 1006, referred to by the appellant as supporting its contention, the market value at a particular place to which stock were being shipped was an important inquiry in fixing the measure of damages for injuries sustained during the shipment. It is distinguishable from this case on the facts.

[3] Appellant has an assignment of error based upon the refusal of the court to permit proof that the stock law was in force in that community. That assignment cannot be considered, for the reason that no proper bill of exceptions appears in the record to support it.

The judgment will be affirmed.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes