### HOWELL v. GARLINGTON et al.
### (No. 1195.)

(Court of Civil Appeals of Texas. Beaumont.
Feb. 26, 1925.)

**1. Property ☞10—Constructive possession of land in owner.**

There can be but one constructive possession of land at same time, and this is in true owner.

**2. Adverse possession ☞13—Trespasser, taking and holding peacefully as adverse possessor for 10 years, gets perfect title.**

Where person without title, or even a trespasser, takes actual possession, true owner is disseized, and statute then begins to run in favor of disseizor, and, if his adverse possession is peaceful and continues for 10 years, he obtains perfect title to tract claimed by him not to exceed 160 acres.

**3. Adverse possession ☞47—Re-entry by true owner, or one claiming under him, to remove timber, breaks adverse possession.**

Re-entry by true owner, or one claiming under him, and removal of timber from land, before title by limitation becomes complete, breaks adverse possession as to tract not actually inclosed or occupied by adverse claimant.

**4. Appeal and error ☞930(3)—Presumed in favor of judgment that issue not determined by jury by clear implication was determined by trial court, if evidence warrants.**

Where evidence warrants determination by trial court of issue not determined by jury by clear implication, it should be presumed in favor of judgment that issue was determined by trial court.

**5. Adverse possession ☞112 — Burden of proof on adverse claimant, and no presumptions indulged in favor of his defense.**

Burden of proof is always on adverse claimant to establish his plea of possession, and no presumptions are indulged in favor of that defense.

**6. Adverse possession ☞57—Undisputed evidence of adverse possession for 10 years creates prima facie case; burden on true owner to show re-entry breaking such possession.**

Undisputed evidence of adverse possession for 10 years creates prima facie case in favor of adverse claimant, entitling him to judgment, and burden is on true owner to show how and when such possession was broken by re-entry.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Action by Mrs. S. A. Howell against S. P. Garlington and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Smith & Lanier, of Jasper, for appellant.
Mooney & Adams, of Jasper, for appellees.

HIGHTOWER, C. J. The appellant, Mrs. S. A. Howell, widow of H. C. Howell, filed this suit in the district court of Jasper county on November 8, 1923, against S. P. Garlington and his wife and T. L. Garlington and his wife to recover the title and possession of a tract of land embracing about 106 acres, being a portion of the William Loftin survey of 640 acres in Jasper county. The action was in the form of trespass to try title and S. P. Garlington and wife answered by general denial, plea of not guilty, and specially interposed the 10 years' statute of limitation as a bar to the plaintiff's recovery. T. L. Garlington and wife answered by disclaimer. It was agreed upon the trial that the record title to the land involved was in Mrs. Howell, the plaintiff.

The trial court, in the main charge to the jury, defined "adverse possession" and "peaceable possession" as those terms are defined by the statute, and no request was made by either party for a further definition of those terms. The trial court then submitted in its main charge one special issue, which was as follows:

"Did S. P. Garlington and his wife, Belle Garlington, claim the land described in their answer, and occupy, use, and enjoy the same peaceably and adversely for 10 consecutive years prior to the 8th day of November, A. D. 1923? Answer this question 'yes' or 'no,' as you find the facts to be."

To this issue the jury answered, "Yes."

The trial court, at the request of the plaintiff, submitted the following special issues:

"Did plaintiff, or those holding under her, cut any pine timber, or any part thereof, from the land in controversy in this suit, or any part thereof, at any time during the period of time extending from the year 1910 to 1912, inclusive? You will answer this question 'yes' or 'no.'"

To this issue the jury answered, "No."

"Did plaintiff, or those claiming under her, cut the stave timber, or any part thereof, from the land in controversy in this suit, or any part thereof, at any time during the period of time extending from the years 1913 to 1915, inclusive? You will answer this question 'yes' or 'no.'"

To this issue the jury answered, "No."

Upon defendants' motion therefor, the court rendered judgment upon the jury's ver-

---

dict in favor of defendants for the tract of land in controversy, and Mrs. Howell has prosecuted this appeal from that judgment.

There is no specific assignment of error by appellant attacking the answer of the jury to either of the special issues submitted on the ground of insufficiency of the evidence to support such answers, and therefore the question of the sufficiency of the evidence to support the jury's verdict is not before us. Appellant does contend, however, by her first assignment of error, in substance, that the court, in entering judgment upon the jury's verdict, erroneously applied the law to the facts adduced upon the trial, as appellant understands such facts, and that, therefore, this court should reverse and render the trial court's judgment, or at least reverse that judgment and remand the cause. This contention is based upon appellant's assumption that the evidence showed conclusively that, prior to the earliest date, defendants could have acquired title under the 10 years' statute of limitation; that the Kirby Lumber Company, under authority of appellant, who was admitted to be the record owner of the land, entered upon the tract for the purpose of cutting and removing the pine timber therefrom; and that the Kirby Lumber Company did, in fact, cut and remove the pine timber therefrom under authority from appellant, the record owner, before title by limitation under the 10 years' statute had been perfected in defendants. In other words, appellant here relies alone for reversal of this judgment upon the legal proposition that the true owner of the land in controversy, or one claiming under her, entered upon the land and removed the timber therefrom before title by limitation was complete in defendants under the 10 years' statute, and that, therefore, the adverse possession of defendants was broken at the time of such entry by the true owner, and defendants, after such entry by the true owner, no longer had adverse possession as to any portion of the tract in controversy, save that which was actually inclosed by defendants.

[1, 2] It is, of course, a well-understood legal proposition that there can be but one constructive possession of the same tract of land at the same time, and the law says that this constructive possession is in the true owner. When, however, one without title, or even a naked trespasser, takes actual possession of a tract of land belonging to another, the true owner, in legal contemplation, is thereby disseized, and the statute of limitation of 10 years begins to operate and run in favor of the disseizor as against the true owner from the date of such actual and adverse possession by the trespasser, and, if the actual adverse possession of the trespasser continues for a period of 10 years and is peaceable, then such adverse and peaceable possession for such period of time gives to the trespasser perfect title to so much of the tract as is claimed by him, not to exceed, under the present law, 160 acres.

[3] In this case, the record shows without dispute, and it was admitted by one of appellant's able counsel in the oral argument, that defendants took actual and adverse possession of the 106 acres of land in controversy as early as 1903 or 1904, and the evidence would amply warrant a finding that such possession was taken by them in 1903. The evidence further shows without dispute that defendants were continuously in possession from the time it was taken until some time in 1916 or 1917, and that, during all of said period of time, the land was being used and enjoyed and cultivated, or rather that small portions of it was being cultivated in gardens, truck, and corn patches, and that, during all of such period of time, defendants were claiming the entire tract. This being so, it must follow that defendants acquired title to the 106-acre tract long before this suit was filed under the statute of 10 years' limitation, unless their adverse possession was broken by reentry of appellant, or some one under her authority, before title had ripened in defendants under the 10 years' statute, thereby confining their possession to so much of the tract as was actually occupied or inclosed by them. If appellant's contention that the evidence showed conclusively that the Kirby Lumber Company, under authority of appellant, entered upon the tract of land in controversy prior to 1913, for the purpose of removing the timber therefrom, and did remove the timber therefrom, be correct, then, under the authorities in this state, such entry had the effect to break the adverse possession of defendants as to all of the tract not actually inclosed or occupied by defendants. South Texas Development Co. v. Manning (Tex. Civ. App.) 177 S. W. 998; Evans v. Houston Oil Co. (Tex. Com. App.) 231 S. W. 731.

[4] In this case, however, the evidence did not show conclusively that the entry upon the land in controversy by the Kirby Lumber Company for the purpose of removing the pine timber under authority from appellant was made prior to the date that defendants acquired title to the tract under the 10 years' statute, and there was no finding by the jury to that effect. The jury's findings are by clear implication to the contrary, and, as we have stated, there is no assignment attacking the jury's verdict in any respect. If the state of the evidence was such as to make an issue on this point, and, if that issue has not been determined by the jury by clear implication against appellant, it should be presumed, in favor of the judgment, that the issue was determined by the trial court against appellant, if the state

of the evidence was such as to warrant such determination by the trial court, and we have concluded that it was.

[5, 6] But it is earnestly argued by able counsel for appellant in their brief that the burden of proof was upon defendants to establish title under their plea of 10 years' limitation, and that, under the rule in this state, no presumptions are to be indulged in favor of a limitation claimant of land, and then they argue that, since the evidence in this case shows that the Kirby Lumber Company, at some period of time, entered upon the land and removed the timber under authority of appellant, it was incumbent upon defendants to prove affirmatively that such entry was not made during that period of time which was necessary to give them title by limitation under the 10 years' statute, and that defendants did not make such proof. Counsel for appellant are correct, of course, in the assertion that the burden of proof is always upon a limitation claimant of land to establish his plea, and no presumptions are indulged in favor of that defense. We think, however, that where, as here, the undisputed proof shows that the adverse possession was commenced and continued peaceably for the full period of 10 years, the limitation defendant has then made a prima facie case, entitling him to judgment under his plea, and, if the true owner of the land would defeat the claimant who has made such prima facie case, it ought to be incumbent upon him to show how and when such adverse, continuous, and peaceable possession was broken. This would seem to be logical and not unreasonable, because no one could be in a position to know better than the true owner of land when a re-entry upon his own land by himself, or through another, was made, or the purpose of such re-entry, and therefore we say that it would seem not unreasonable for the law to require the true owner to make proof of these necessary facts to defeat the prima facie case already made by the adverse claimant.

What we have said above disposes of the only assignment of error insisted upon by appellant, and it follows that it is our opinion that the trial court's judgment should be affirmed, and it has been so ordered.