GARVIN-MELTON CO. v. E. W. FOWLER CO. (No. 1992.)

Court of Civil Appeals of Texas. El Paso. March 10, 1927.

I. Appeal and error ☞544(1)—Assignments, unsupported by bill of exception, complaining of rulings on evidence, cannot be considered.

Assignments complaining of rulings on evidence, but not supported by bill of exception, cannot be considered.

2. Sales ☞358(4)—Exclusion of evidence of actual value of advertising matter held not error in seller's action to recover contract price.

In action on contract to furnish advertising matter, exclusion of defendant's testimony that actual market value of such advertising matter was less than contract price was not error, since such testimony could not affect right to recover where there was no fraud.

Appeal from Dallas County Court at Law No. 2; Wm. M. Cramer, Judge.

Action by the E. W. Fowler Company against the Garvin-Melton Company. Judg-

ment for plaintiff, and defendant appeals. Affirmed.

Jno. H. Awtry, of Dallas, for appellant.

Saner, Saner, Turner & Rodgers, of Dallas, for appellee.

HIGGINS, J. Appellee sued the members of the firm of Garvin-Melton Company to recover the agreed price of $480 for advertising matter sold and delivered under written contract.

Defendants answered by general denial and special plea to the effect that they were induced to enter into the contract by false and fraudulent representations as to the character of the matter; that the matter delivered was not of the character it was represented to be, was worth not more than $10, and they have not used same.

The case was submitted to the court without a jury, and judgment rendered in favor of plaintiff as sued for. Upon request of appellants, findings and conclusions were filed. There is no statement of facts in the record. The court found that plaintiffs had delivered to defendants the matter called for by the contract and had fully complied with the contract; that defendants entered into the contract with full knowledge of its contents and against defendants upon the issue of fraud.

[1] The first two assignments complain of rulings upon evidence, but are unsupported by bill of exception; hence they cannot be considered.

[2] The remaining assignment complains of the exclusion of testimony of one of the defendants that the actual cash market value of the advertising matter received from plaintiff was $10.

This ruling presents no error for the reason that, if the testimony had been admitted, it could not have affected the plaintiff's right to recover the agreed price in view of the unchallenged finding of the court upon the issue of fraud; that the matter delivered was that called for by the contract and plaintiffs had fully complied with such contract. Hitson v. Gilman (Tex. Civ. App.) 220 S. W. 140; Nolan v. Young (Tex. Civ. App.) 220 S. W. 154; 5 Page on Contracts (2d Ed.) 5259; 1 Elliott on Contracts, 340, 341; 13 C. J. 774.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key Numbered Digests and Indexes